### VER PLANCK v. GODFREY et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

1. MORTGAGES—FORECLOSURE—DEFAULT IN PAYMENT OF TAXES.

     Under a mortgage clause providing that the whole amount shall become due, at the option of the mortgagee, for a default in the payment of taxes for 60 days, a default for that time does not entitle the mortgagee to foreclose, where the taxes are thereafter paid by the mortgagor, and notice thereof given to the mortgagee before action is begun.

**2. SAME—WAIVER.**
> A mortgagee's attorney wrote the mortgagor, informing her of her default in failing to pay taxes, which, by a clause in the mortgage, made the whole sum due, at the option of the mortgagee, and that the mortgagee elected to consider it due, but added that, before taking steps to enforce the security, he would wait a reasonable time to hear from her. *Held* a waiver of the default, provided the taxes were paid within a reasonable time thereafter.

Appeal from special term, New York county.

Action by Virginia E. Ver Planck against Lily A. Godfrey and others to foreclose a mortgage. From a judgment directing a foreclosure, defendants appeal. Reversed.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

J. N. Hayes, for appellants.

William E. Wyatt, for respondent.

McLAUGHLIN, J. On the 14th of September, 1896, the defendant Lily A. Godfrey, for the purpose of securing the payment of $20,000 on the 1st day of September, 1899, and semiannual interest thereon on the 1st days of September and March of each year, executed and delivered to the plaintiff a mortgage upon certain real estate situate in the city of New York. The mortgage, among other things, contained the following provision:

"It is expressly agreed that the whole of said sum shall become due, at the option of the said party of the second part, after default in the payment of interest for twenty days, and after default in the payment of any tax or assessment for sixty days."

On the 12th of May, 1898, upon a complaint alleging default in the payment of taxes, and plaintiff's election to declare the whole sum secured by the mortgage due, this action was commenced to foreclose. The defendant above named interposed an answer to the complaint, in which she denied that there had been a default in any of the conditions of the mortgage, or that there was anything due either for principal, interest, or taxes. The learned justice at special term held, after a trial had before him, that the plaintiff was entitled to the judgment prayed for in the complaint, together with costs and an extra allowance of $200, on the ground, as appears from the decision, that taxes imposed on the mortgaged premises had remained unpaid for more than 60 days after they had become due and payable, and that the plaintiff had elected, by reason thereof, to deem the principal sum secured by the mortgage due. Judgment was thereupon entered directing a foreclosure and sale, from which the defendants have appealed.

We think that the judgment should be reversed. The action is an equitable one, and, while there was a technical default in the payment of taxes, the facts established upon the trial not only justified, but required, the exercise of the equitable powers of the court to relieve the mortgagor from the same. It was there made to appear that the interest on the principal sum was promptly paid when due, and that a few days after the interest which fell due on the 1st of September, 1897, had been paid, the mortgagor, to provide against

a default during her contemplated absence for some time, deposited the sum of $600 with the plaintiff's husband, who is the attorney of record for the plaintiff in this action, and the one who had the charge and management of her business, so far as the same pertained to the mortgage in question. There was no dispute between the parties that this sum was deposited with him early in October, 1897, and that he retained the possession and had the use of it until March, 1898, when it was applied to the payment of the interest then falling due. There was a dispute, however, as to the purpose for which the deposit was made. The mortgagor testified, in substance,—and she was corroborated by one witness,—that it was to prevent a default during her contemplated absence in the payment of interest or taxes, and that the plaintiff's attorney was so informed when the same was paid to and received by him. This the attorney denied. He testified: That it was only to pay the interest to become due the following March. That, when the money was delivered to him, a relative of the mortgagor said "he would like to pay the interest due next March. They [referring to the mortgagor and her mother] were then in Washington, engaged in a litigation somewhat harassing to them. They would like to feel that everything would be taken care of,—the interest might come and go." And in response to which he replied: "I cannot take any money from you. You do not owe me anything. Get Miss Godfrey's consent. It will be all right." And later in the day this relative again called upon him, with Miss Godfrey, and at her request he accepted the money. There was also a dispute as to whether anything was said about the taxes, amounting to $252, assessed upon said premises by the city of New York, which were then due. In March, 1898, he applied the $600 to the payment of the interest which then fell due, and on the 18th of April following wrote the mortgagor as follows:

"New York, April 18, 1898.

"Dear Miss Godfrey: In passing your house No. 287 West 70th street recently, I noticed that several panes of glass were broken; the screens to the cellar window broken; and, from the lack of paint and general outside repairs, the house presented a neglected appearance; nor did it appear to be occupied. Consequently I feel warranted in holding you to a strict compliance with mortgage held by my client, Mrs. V. E. Ver Planck. Accordingly she elects to hold and consider the whole amount of the principal due and payable at once, on the ground that the taxes have remained unpaid for upwards of sixty days. Before taking any steps to enforce the security, I shall wait a reasonable time to hear from you. I regret very much to take this course, but feel your neglect of the property has seriously impaired the security of the mortgage. Hoping to hear soon from you, I am,

"Yours, very truly,                 W. E. Ver Planck."

The letter was mailed on the day it bore date to Miss Godfrey, at her address in the city of New York; and, she being at the time in Washington, it was forwarded to her there, where she received it three days later. On the day the letter was received, Miss Godfrey came to New York, and had an interview with the plaintiff's attorney, in which she offered to pay the taxes referred to in his letter; and, upon his declining to receive the same, she, on the 7th of May following, paid the amount to the proper officer, and exhibited to

the plaintiff's attorney receipted bills showing such payment. Notice of the pendency of the action was filed on the 21st of April, but the action was not commenced by the service of a summons or the appearance of any of the defendants until the 11th or 12th of May, and at least four days after the plaintiff's attorney had actual knowledge that the taxes for the default in the payment of which the plaintiff claimed the right to foreclose had in fact been paid.

Upon the foregoing facts, we are at a loss to understand upon what equitable principle a judgment of foreclosure and sale could be decreed. At most, there was but a technical default in the payment of the taxes, which were promptly paid by the mortgagor as soon as her attention was called to them. The plaintiff had not been injured by the default; neither had her security been impaired or diminished in the slightest degree. The payment of the taxes before the commencement of the action restored the parties to their original positions, and the complaint should therefore have been dismissed. The case of Shaw v. Wellman, 59 Hun, 447, 13 N. Y. Supp. 527, is directly in point. There Judge Daniels, delivering the opinion of the court, said:

"It further appears that these taxes were paid on the 21st of October, 1889, and that fact was alleged by a supplemental answer as a defense to this action. This payment, in its effect, fully restored all the rights intended to be protected by this part of the mortgage. It indemnified both the plaintiff and his assignee against all possible prejudice or loss arising from default. And, when this appears, it is the policy of equity to consider the default to have been redeemed by a payment."

Noyes v. Anderson, 124 N. Y. 175, 26 N. E. 316, is also in point. One of the provisions of the mortgage there under consideration provided that the mortgage should not be foreclosed so long "as no taxes or assessments on said premises remained unpaid." Taxes to the amount of $23 having for some time remained unpaid, the plaintiff brought an action to foreclose. The day before the summons was served, the taxes were paid by the mortgagor. The trial court decreed a foreclosure, but the judgment was reversed by the late general term, and that decision subsequently affirmed by the court of appeals. Judge Bradley, delivering the opinion of the court, said:

"This is upon the principle of equity jurisprudence that a party having a legal right shall not be permitted to avail himself of it for the purpose of injustice or oppression. The doctrine was applied to relieve a mortgagor from forfeiture to which he was subjected, and an obligor from the penalty with which he was chargeable by the common law on default. * * * This relief will not be afforded in cases where the default and forfeiture have been occasioned by the willful neglect of the party seeking it."

We are also of the opinion that the judgment should be reversed for another reason. The letter referred to, written by the plaintiff's attorney to the mortgagor, was a waiver of the default in the payment of the taxes, provided the same were paid within a reasonable time after the letter was written. The letter specifically states, "Before taking steps to enforce the security, I shall wait a reasonable time to hear from you." This letter, as we have before seen, was mailed on the 18th of April, received by the defendant three

days later, and on the very day of its receipt she called at the office of the plaintiff's attorney and offered to pay the taxes, and, on his declining to receive the same, she subsequently paid them to the proper officer. That the taxes were paid within a reasonable time after the letter was sent cannot be seriously questioned, and there was a sufficient consideration to support the waiver. Titus v. Insurance Co., 81 N. Y. 419; Toplitz v. Bauer, 34 App. Div. 526, 55 N. Y. Supp. 29; Albert v. Investment Co., L. R. 3 Q. B. Div. 123.

It follows that the judgment must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.