in itself gives the broker any right to commissions, unless he is the procuring cause of the sale, and that his right to commissions in this case depended upon his rendering some effective service in promoting a sale seems to be in harmony with the words:

"And at such time as a sale shall be effected for any of the above-mentioned property for the prices named * * * I agree to pay you the sum of 2 per cent. * * * at such time as such sales are effected."

This language seems to me to mean sales brought about or effected through the agency created by that contract, and does not refer to a sale made by the owner himself, toward the accomplishment of which the agent contributes nothing.

The complaint must therefore be dismissed.

---

GERMANIA LIFE INS. CO. v. POTTER et al.

(Supreme Court, Special Term, New York County.   December 26, 1907.)

1. MORTGAGES—RIGHT TO FORECLOSE—DEFAULT—TAXES.

A provision that on a mortgagor's failure to pay taxes and their payment by mortgagee the whole debt shall become due, if the mortgagee so elect, is enforceable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1164.]

2. SAME—TENDER—SUFFICIENCY.

A mortgage provided that the mortgagor should pay all taxes as soon as they became due and payable, and that in default thereof the mortgagee might pay them and the whole debt would become due, if the mortgagee should so elect. Greater New York Charter, Laws 1901, p. 389, c. 466, § 914, provides that taxes shall become due and payable the first Monday in October. The taxes not having been previously paid, the mortgagee paid them the day following the first Monday in October. Nine days later he commenced an action to foreclose. Thereafter the mortgagor tendered the amount of taxes, interest thereon, and costs. *Held*, that the tender was insufficient; the whole debt having become due at the election of the mortgagee.

Action by the Germania Life Insurance Company against Howard Nott Potter and another.   Judgment for plaintiff.

Dulon & Roe, for plaintiff.

Parsons, Closson & McIlvain, for defendants.

NEWBURGER, J.   Action for the foreclosure of a mortgage.   The mortgage contains the following clause:

"And the said party of the first part does furthermore covenant and agree, until full payment of the amount hereby secured, to bear, pay, and discharge, as soon as the same may become due and payable, all taxes, charges, and assessments which may be imposed by law upon the said mortgaged premises, or on any part thereof, and in default thereof that it shall and may be lawful for the said party of the second part to pay the amount of any such tax, charge, or assessment, with any expense attending the same, and any amount so paid the party of the first part covenants and agrees to repay to the said party of the second part, with interest thereon, and the same shall be a lien on said premises and be secured by the said bond and these presents, and the whole amount hereby secured, if not then due, shall thereupon, if the said party of the second part so elect, become due and payable forthwith."

This clause provided that the mortgagor should pay and discharge the taxes as soon as they became due and payable. Section 914 of the Greater New York charter (Laws 1901, p. 389, c. 466) provides that taxes shall become due and payable on the first Monday of October, and that they shall become liens when they become due and payable. The first Monday of October, 1907, was on the 7th day of that month. It has been repeatedly held that a covenant in a mortgage as to payment of taxes is to be enforced the same as the covenant for the payment of interest. As was said by Mr. Justice Van Brunt in O'Connor v. Shipman, 48 How. Prac. 138:

"I am unable to discover any difference between a condition relating to principal and interest and one relating to taxes. If it is expressly stated that the whole principal sum shall become due because of the nonpayment of taxes, and taxes are unpaid, and the mortgagee commences his foreclosure on that account, I do not see how the court can relieve the defendant any more than they could for the nonpayment of interest. It seems to me, therefore, that the plaintiff must have judgment of foreclosure and sale."

It is conceded that the taxes were not paid on the 7th day of October, and that on the 8th day of October the plaintiff paid the same. This action was commenced immediately thereafter, and the summons was served on the 17th day of October. On the 25th day of October defendant, through his attorneys, tendered plaintiff's attorney a certified check for the amount of the taxes, interest thereon, and the costs, which was refused by plaintiff's attorney. The tender was not sufficient. The plaintiff in his complaint having elected to consider the whole of the principal due by reason of the failure to pay the taxes, the tender, to be a proper one, should have been for the whole amount of the principal, interest, taxes, and costs. While my sympathies are with the defendant in this case, I do not see how he can be relieved of the terms and covenants of the mortgage herein.

Judgment for the plaintiff.