Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Lawrence N. Hartin, for appellants.

Edward J. Maxwell, for respondent.

PER CURIAM. The order should be modified so as to provide that said order shall not be a bar to any action commenced by the petitioners against their attorney to recover the money in question. As so modified the order should be affirmed, without costs.

---

## GERMANIA LIFE INS. CO. v. POTTER.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

TENDER—SUFFICIENCY—CERTIFIED CHECK.

The tender of a certified check in payment of a debt is sufficient, where no objection is made to the form in which the tender is made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, § 29.]

2. EVIDENCE—JUDICIAL NOTICE—FINANCIAL DEPRESSION.

The court will take judicial notice of the fact that during October, 1907, there was a great financial depression and disturbance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 15.]

3. MORTGAGES—FORECLOSURE—NATURE OF REMEDY.

The foreclosure of a mortgage is equitable in its nature although based on legal rights, and it is the province of a court to see to it that a party invoking its relief shall have dealt fairly before relief is given.

4. SAME—TAX CLAUSE—BREACH—RIGHT TO FORECLOSE.

A mortgage contained a tax clause, providing that the mortgagor should pay all taxes, and in default thereof the mortgagee might declare the whole principal due and payable forthwith. The mortgagor, relying on the payment of the taxes by a tenant who was bound to pay them under his lease, did not pay them on the first day they fell due. The mortgagee, on the following day, paid the taxes, declared the whole principal due, and on the same day brought suit to foreclose. As soon as the mortgagor discovered the nonpayment of the taxes, but after suit brought, he tendered the amount due with interest and costs of suit. *Held* that, since the default was merely a technical one, equity would not foreclose the mortgage.

5. SAME—DEFENSES.

Where a mortgagee attempts to take advantage of a technical default in the payment of taxes to foreclose a mortgage, and brings proceedings on the next day after default, the fact that the mortgagor had agreed to pay the principal of the mortgage in the preceding September, and that the mortgagee had arranged to reloan the amount, and was compelled to sell bonds to furnish such promised loan, does not entitle the mortgagee to the foreclosure.

Laughlin, J., concurs in reversal, but dissents as to disposition of cause.

Appeal from Special Term, New York County.

Suit by the Germania Life Insurance Company against Ethel Potter, impleaded with others, to foreclose a mortgage. From a decree of foreclosure (107 N. Y. Supp. 912), defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, HOUGHTON, and SCOTT, JJ.

Edward C. Sperry, for appellant.
J. Brewster Roe, for respondent.

HOUGHTON, J.   The respondent held a mortgage of $300,000 upon premises owned by the appellant, which was given by her predecessor in title.   Interest was payable semiannually, and the principal was to become due on the 1st day of August, 1908.   The mortgage contained a tax clause which provided that the mortgagor should pay and discharge all taxes, etc., "as soon as the same may become due and payable," and, in default of such payment, the respondent had the right to pay the same and add the amount thereof to the sum due on the mortgage and to declare, if it so elected, the whole principal due and payable forthwith.   The first day upon which the taxes levied in 1907 became due was on the 7th of October.   The appellant did not pay the taxes on that day, and on the day following the respondent paid them and elected to declare the whole principal due and payable forthwith, and on the same day began this action for foreclosure.   The appellant was not requested to pay the taxes or given any notice that if she did not do so the respondent would pay them and declare the principal sum due.   By her answer the appellant alleged that the principal had not become due, and that the premises were leased to a tenant for a term of years who had covenanted to pay the taxes, and that she had no knowledge that they had not been paid on the 7th of October, or that they had been paid by the respondent until she saw announcement of it in the public press, and that shortly after being served with process she tendered to the respondent the amount of the taxes paid by it with interest thereon and costs in the foreclosure action up to that time, which respondent refused to accept and discontinue the action.

The only relief demanded in the answer is that the complaint be dismissed.   The answer could well have been drawn with a view to affirmative relief asking permission to pay and to be relieved from the default and the facts could have been more fully developed on the trial, but, nevertheless, the court could have relieved the defendant from the default, and refused to grant the judgment of foreclosure and sale upon such terms as justice required.   Equity has the power to relieve from such oppression as is apparent in the present case.   Aside from the question as to whether or not the respondent was within its legal rights in asserting that the appellant should have paid or caused to be paid, the taxes levied on the premises on the 7th of October, which was the first day on which it was possible to pay them, it is manifest that the omission to do so on that day was a mere technical default.   A court of equity will not entertain an action to foreclose a mortgage because of technical default in the payment of taxes, where it appears that such taxes were promptly paid by the mortgagor when attention was called to the default before an action was commenced and the mortgagee was not injured by the default.   Ver Planck v. Godfrey, 42 App. Div. 16, 58 N. Y. Supp. 784.   It is true that in the present case there was no offer to repay the taxes before action was commenced, but the action was begun so quickly there was no opportunity to do so.   As soon as it became ap-

parent that the respondent was insisting upon its advantage, the appellant did tender all taxes that had been paid, with interest thereon, as well as the costs of the action. The respondent refused to accept this tender, which was in the form of a certified check. This refusal, however, was not on the ground the tender was not made in currency; and the respondent cannot now take advantage of the fact that money was not tendered, because it made no objection to the form in which such tender was made but refused to accept it in any form. If the respondent had accepted the offer to repay, it would have lost nothing and would have been fully reimbursed.

The appellant might well have been misled by the course of dealing in payment of taxes which the respondent had acquiesced in without complaint during former years. In French v. Row, 77 Hun, 380, 28 N. Y. Supp. 849, the court went so far as to refuse to permit a foreclosure where the course of dealing, with respect to paying interest, had led the mortgagor to assume that a forfeiture would not be declared if the interest was paid within periods varying from one to six months after the time it became due.

We do not feel called upon to lay down a hard and fast rule as to whether or not a fair interpretation of the tax clause in the present mortgage required the mortgagor to see to it at all hazards that the taxes were paid on the first day they became due and payable, nor do we decide that in all instances a certain course of dealing might relieve a mortgagor. The court can take judicial notice of the fact that during October, 1907, there was great financial depression and disturbance. What might be deemed reasonable at one time might be wholly unreasonable at another time under a different situation. The foreclosure of a mortgage is equitable in its nature, although based on legal rights, and it is the province of a court of equity to see to it that a party invoking its relief shall have dealt fairly, before relief is given. Under the circumstances of this case, it is very evident that this respondent did not deal fairly with the appellant, and that it took a technical and unconscionable advantage of the situation. The respondent contends that it had reason to do as it did because the appellant had agreed to pay the principal of the mortgage in the preceding September and that it had arranged to reloan the amount, and was compelled to sell bonds to furnish such promised loan. Such an excuse does not appeal to us.

The judgment is reversed, and a new trial granted, on which, as the facts are developed, it may appear that justice can be fully done by permitting the appellant to repay to plaintiff the taxes which it paid, with interest thereon to the time of payment and the costs of the foreclosure accrued at the time of the original tender in October with interest thereon to time of payment. Such a course will save the plaintiff from all loss except that occasioned by its own fault.

Judgment reversed, and new trial granted, with costs to appellant to abide event.

PATTERSON, P. J., and INGRAHAM and SCOTT JJ., concur.

LAUGHLIN, J. I concur in the reversal of the judgment; but I am of opinion that final judgment should be directed by this court. All

of the material facts appear, and in their nature they are not susceptible of change upon a new trial. The case as presented by this record is this: On the undisputed facts as found, the conclusions of law are wrong, and they should be modified by providing that in the event that the defendant, within a period fixed, say five days, tenders payment of the taxes, together with interest thereon and the costs of the action to the time of the tender, the complaint should be dismissed, without costs; and, on failure of the defendant to so tender the taxes and costs, the plaintiff should be entitled to judgment of foreclosure and sale, together with the costs of the action.