Davis, J.
This case was tried in equity on November 12, 1919. At the conclusion of the trial the court expressed the opinion that the plaintiff was entitled to a judgment and announced a decision in plaintiff’s favor. After the submission of the pleadings, stenographer’s minutes of the trial, exhibits and briefs, the court had doubts as to the correctness of certain of its rulings at the trial, whereupon certain facts were stipulated by the attorneys for the respective parties to supplement the record of the trial and to avoid the reopening of the case, the parties reserving the right to object to any of such facts on the ground that they are irrelevant or immaterial to the issues. The facts so stipulated have reference to certain matters which had heretofore been excluded on objection by plaintiff’s counsel, and also to certain matters which had not been presented or brought out at the trial. After a careful examination of the whole case thus submitted, the court is constrained to reverse its previous determination of the case on the day of trial, and *213 has arrived at the conclusion and has decided that the proper disposition of this case is as hereinafter determined. The rulings made on objections by the plaintiff’s counsel on the day of the trial as to certain evidence are therefore reversed and disposed of as indicated on the margin of the stipulation referred to above. The action is brought to foreclose a purchase-money second mortgage upon the premises No. 728 West One Hundred and Eighty-first street, New York city, given on or about January 24, 1919, by the Malex Realty Corporation, one of the defendants, to the plaintiff to secure the payment of $30,500 on the purchase of the property by such defendant from plaintiff on said date. Thereafter, and on January 24, 1919, the Malex Realty Corporation sold the premises No. 728 West One Hundred and Eighty-first street and also the adjoining premises No. 736 West One Hundred and Eighty-first street, to the College Holding Company, one of the defendants in this action. At the time of such sale each of said parcels was incumbered by a prior mortgage. On No. 728 West One Hundred and Eighty-first street there was a prior mortgage made by John M. Linck Construction Company, Inc., to Lawyers’ Title Insurance and Trust Company, dated February 20, 1911, and recorded on the same day in the office of the register of the county of New York in section 8, liber 74 of Mortgages, page 346. This mortgage was given to secure the payment of $142,000, payable February 20, 1914, with interest at five per cent from February 20, 1911, to be paid on the first day of March next ensuing and semi-annually thereafter. Such mortgage was thereafter assigned to the Lawyers’ Mortgage Company, which corporation has ever since been and now is the owner and holder thereof. In paragraph “ third ” of said mortgage-is the following provision: “And it is hereby *214 expressly agreed that the whole of said principal sum, or so much thereof as may remain unpaid, shall become due at the option of the said mortgagee after default in the payment of any installment of principal, or in the payment of interest for thirty (30) days, or after default in the payment of any tax or assessment for sixty (60) days after notice or demand, or in case of the actual or threatened demolition or removal of any building erected on the said premises, anything herein contained to the contrary notwithstanding,” being the usual thirty-day interest clause included in the first mortgage form of the Lawyers’ Title Insurance and Trust Company. At the time of the commencement of this action there remained unpaid on account of the principal sum $130,500, $2,500 having been paid on reduction thereof by the College Holding Company between the date when it acquired title to the premises No. 728 West One Hundred and Eighty-first street, New York city, and the date of the commencement of this action. Subsequent to the assignment of such mortgage to the Lawyers’ Mortgage Company, and before the commencement of this action, by extension agreement in writing, the interest thereon was made payable quarterly on the first day of March, June, September and December of each year. The first mortgage on the premises No. 736 West One Hundred and Eighty-first street was made by John M. Linck Construction Company, Inc., to Lawyers’ Title Insurance and Trust Company, dated April 7, 1911, and was given to secure the payment of $145,000, to be paid on April 7, 1914, with interest to be computed from April 7, 1911, at five per cent and to be paid October first next ensuing and semi-annually thereafter. This mortgage contained a provision similar to that in the first mortgage on No. 728 West One Hundred and Eighty-first *215 street and was thereafter assigned by the Lawyers’ Title Insurance and Trust Company to the Lawyers’ Mortgage Company, which corporation has ever since been and now is the owner and holder thereof. Thereafter, and before the commencement of this action by extension agreement in writing, the interest on the mortgage was made payable quarterly on the first day of April, July, October and January of each year. The second mortgage for $30,500, and the one now in suit, was payable, principal, in equal installments of $625 each the 1st day of April, July and October, 1919, and on the 1st day of January, April, July and October in each of the years 1920, 1921,1922 and 1923, and the balance of $18,625 on the 1st day of January, 1924, with interest thereon from December 1, 1918, at six per cent, payable April 1, 1919, and quarterly thereafter on the first day of July, October, January and April of each year. The following covenants, among others, are contained in the second mortgage in suit: (1) That the mortgagor will pay the indebtedness as hereinbefore provided; (4) that the whole of said principal shall become due after default in the payment of any installment of principal or interest for twenty days, or after default in the payment of any taxes, water rates or assessments for thirty days after notice and demand; (6) that the mortgagor will pay all taxes, assessments and water rates and, in default thereof, mortgagee may pay the same. Also the following provisions: This mortgage is subject and subordinate to a mortgage given to secure the payment of $132,500, originally $142,000 and interest, recorded in the office of the register of the county of New York in liber 74 of section 8 of Mortgages, page 346, now a prior lien on said premises. And it is expressly agreed that should any default be made in the payment of the interest on said prior mortgage, *216 and should such interest remain unpaid and in arrears for the space of ten days, or should any suit be commenced to foreclose said prior mortgage, then the amount secured by this mortgage and the accompanying bond shall become and be due and payable at any time thereafter at the option of the owner or holder of this mortgage. And it is hereby expressly agreed that should any default be made in the payment of the interest on said prior mortgage the holder of this mortgage may pay such interest, and the amount so paid, with legal interest thereon from the time of such payment, may be added to the indebtedness secured by this mortgage and the accompanying bond and shall be deemed to be secured by this mortgage and bond and be collected thereunder. The complaint in this action alleges that the defendants and each of them have failed to comply with the terms of said bond and mortgage by omitting to pay an installment of interest upon a prior mortgage (the one heretofore mentioned) covering said premises, which interest amounted to $1,794.38 and became due and payable on March 1, 1919. That said installment of interest has remained in arrears for the space of more than ten davs since it became due and payable and is now in arrears and unpaid, and that the plaintiff has elected and declared, and does hereby elect and declare, that because of such default and its continuance the whole of said principal sum of $30,500, and all arrears of interest thereon, be and become immediately due and payable, and demands judgment for foreclosure by reason of such default in tho payment of such installment of interest. The College Holding Company was the sole defendant answering, and .in its answer, among other things, alleges that it paid to the Lawyers’ Mortgage Company on March 26, 1919. the interest which became due on March 1, 1919, *217 on the prior mortgage, and that it was always ready and able to pay the same when due, but was misled in believing that the interest was not due and payable until April 1, 1919, by the fact that the interest on the prior mortgage on the adjoining property, No. 736 West One Hundred and Eighty-first street, was not due and payable until April 1, 1919, and asks to be relieved of its default, if any, in the payment of such installment of interest. The lis pendens, summons and complaint were filed on March 24, 1919. On or about March twenty-fifth an officer of the College Holding Company saw in one of the daily newspapers a notice of the filing of such lis pendens and thereafter telephoned one of the associates of plaintiff’s attorneys, to ascertain the reason why such action had been taken and was informed that it was on account of a default in the payment of the interest on the first mortgage. There was then a further conversation as to the discontinuance of the action, if the interest was then paid, such defendant claiming that the said attorney agreed to discontinue the action if the interest was paid, and the attorneys for plaintiff denying that any such statement was made. However that may be, it appears' that about ten a. m., on the 26th of March, 1919, the College Holding Company paid to the Lawyers ’ Trust Company the interest due on the first mortgage and then sent the receipt for such payment to the said attorneys for plaintiff for their inspection. This payment was evidently made as soon as possible after the College Holding Company had notice of the filing of the lis pendens. The intervening day, March twenty-fifth, was observed as a holiday by the people of the city of New York by reason of the reception given to the Twenty-seventh Division, TJ. S. A., upon its return from France, and the office of the Lawyers’ Mortgage Company was not open for the transaction *218 of business on that day. Before such interest was paid, however, the summons and complaint were served on the defendants Abel King and Isaac Schosch at nine-thirty a. m. on March 26, 1919. These parties were the first defendants to be served. Between the time of the commencement of this action and up to the time of trial the defendant College Holding Company has paid the following amounts for the specified purpose to plaintiff on account of the mortgage in suit upon stipulations that were made and accepted ‘ ‘ without prejudice to the rights of either plaintiff or any of the defendants in this action and without affecting the said action in any manner whatever except in so far as the payments might decrease the amount due on the said mortgage under foreclosure,” to wit: On April 4, 1919, the sum of $1,235, representing $625 of principal due the 1st day of April, 1919, and interest at six per cent thereon from December 1, 1918, to April 1, 1919; on July 2, 1919, $@25 of principal, due July 1, 1919; on July 11, 1919, $448.12, interest at six per cent from April 1, 1919, to July 1, 1919; on October 3, 1919, the sum of $1,063.75, representing principal due October 1, 1919, and interest at six per cent thereon from July 1, 1919, to October 1, 1919. The question before the court is whether equity can and will under the circumstances in this case grant relief from the default in the payment of the interest on the prior mortgage. That the stipulation contained in the second mortgage providing for the becoming due immediately at the mortgagee’s election of the whole principal sum and accrued interest on the default in payment of any installment of the principal or interest after twenty days from April 1, 1919, is valid and enforcible there can be no question. Nor is there any question that the similar stipulation *219 as to a default in payment of taxes and assessments for more than thirty days after notice or demand is also valid and enforeible. “ The foreclosure of a mortgage is equitable in its nature, although based on legal rights, and it is the province of a court of equity to see to it that a party invoking its relief shall have dealt fairly before relief is given.” Germania Life Ins. Co. v. Potter, 124 App. Div. 814, 817. The plaintiff contends that the provision in the second mortgage in regard to a default in the payment of interest on the first mortgage must be construed by the same rule of law applicable to a default in the payment of interest on the mortgage debt secured by the second mortgage, and cites cases which they claim support their contention. The stipulation as to a default in the payment of installments of principal of the debt or interest thereon is, however, entirely different in its nature and purpose from the stipulation as to defaults in the payment of taxes and assessments and other incumbrances payable to third parties. The stipulation as to a default in the payment of installments of principal of the debt thereof and interest thereon is made to secure the advance payment of the debt, to accelerate the time the principal debt shall become due in case the interest is not promptly paid. It has reference only to the payment of the debt secured by the mortgage, a debt which the mortgagor has agreed to pay in the manner provided, and failure to comply with the terms of his agreement to so pay the debt is not a default in the nature of a penalty or forfeiture. This clause, because it provides for the advance payment of the debt under certain conditions, is often called the acceleration clause. There is nothing unconscionable in such an agreement. Under the authorities in this state no relief as a rule will be granted from such a *220 default when nothing is done on the part of the mortgagee to render it unconscionable for him to avail of it. On the other hand, it is usual to provide in mortgages that in case of a default in the payment of taxes and assessments and other incumbrances to third parties the mortgagee may elect the whole debt to become immediately due. These latter stipulations refer solely to the preservation of the security given for the debt. They are independent and separate conditions and stipulations from those providing for a default in payment of the installments of principal of the debt and interest. They are inserted in the mortgage for the purpose of preventing the security becoming impaired and to keep it, so to speak, in the same status as when the collateral security was given, to keep the security intact. The payment or nonpayment of the taxes does not pay the debt. In fact, no part of the debt, either installment of principal or accrued interest, may be due (as in the present ease) and yet under this clause the mortgagee has the right to elect the whole principal to become due immediately upon a default in the payment of the taxes, etc. This clause has no relation to the payment of the debt. It is true that the date on which the debt may become due is in a certain sense accelerated at the mortgagee’s option in a default in the payment of the taxes and assessments, but such advance date of the accrual of the indebtedness is privileged to be fixed by the mortgagee as a penalty or forfeiture for the nonpayment of the taxes or assessments, for a failure to keep the security collateral to the debt intact, and not because there has been any default in the payment of the debt. The stipulation as to default in the payment of taxes and assessments is in the nature of a penalty or forfeiture, and upon such a default a court of equity will grant relief from the penalty or for *221 feiture to be incurred thereby if such default is not willful. In Shaw v. Wellman, 59 Hun, 447, the court, at page 448, referring to the provisions as to the payment of taxes, said: “ The object to be attained by this part of the mortgage was to prevent the security from being reduced or diminished by the unnecessary existence of taxes upon the property. It was for the benefit of the security and its complete preservation.” In that case “ The action was commenced in or about the month of May, 1889, because of a default by the mortgagors in the payment of the taxes for the years 1886, 1887 and 1888. The mortgage provided, in case of such a default for the space of sixty days, the principal sum secured should, at the option of the mortgagee or his legal representative, become due and payable immediately.” The court further said, at page 449: “It further appeared that these taxes were paid on the 21st of October, 1889, and that fact was alleged by a supplemental answer as a defense to the action. This payment in its effect fully restored all the rights intended to be protected by this part of the mortgage. It indemnified both plaintiff and his assignee against all possible prejudice or loss arising from the default. And when that appears to be the fact it is the policy of courts of equity to consider the default to have been redeemed by the payment (2 Story’s Eq., 5th ed., sec. 1314). When indemnity can, in this manner be secured, and that shall in fact be made, then the rule in equity is not to enforce the forfeiture otherwise coming into existence (id., sec. 1319). On this fact of payment of the taxes, a defense was also presented to the action.” See, also, Gilbert v. Shaw, 63 Hun, 148, 154; Noyes v. Anderson, 124 N. Y. 175; Giles v. Austin, 62 id. 486; Germania Life Ins. Co. v. Potter, 124 App. Div. 814; Verplanck v. Godfrey, 42 id. 16; Pizer v. *222 Herzig, 120 id. 102, 106; Strange v. Rosenberg, 101 Misc. Rep. 618. In the present case neither the Males Realty Corporation nor the College Holding Company assumed the prior mortgage nor agreed to pay the interest on the prior mortgage. The Colleg’e Holding Company is interested in paying it only to preserve its property, and the plaintiff is concerned in the payment only to preserve his security intact. If this be so, what then is the right of plaintiff to elect the whole mortgage debt to be due if the interest on the prior mortgage is not paid but a privilege to claim a forfeiture of the continuation of the indebtedness because of a failure to maintain the security in the condition as provided for in the mortgage? I can see no reason why the same rule of law should not be applied to a default in the payment of the interest on the first mortgage as would be applied to a default in nonpayment of taxes and assessments. They are both inserted in the mortgage for the same purpose, and the results are the same. In the present case no notice was given by the plaintiff nor by the prior mortgagee to the mortgagor or the College Holding Company that the interest on the first mortgage would become due on March 1, 1919, nor was notice given prior to the commencement of this action of an election that the whole debt was deemed immediately due because of this default. No notice of an election, however, under the decisions of this state is necessary. Some affirmative act or the commencement of an action for the foreclosure of the mortgage is sufficient notice. The filing of the notice of the pendency of the action is not the commencement of the action. Cohen v. Biber, 123 App. Div. 528. Neither is the filing of the summons and complaint in the office of the clerk. Haynes v. Onderdonk, 2 Hun, 619. Not until personal service, or by publication of the summons, or sum *223 mons and complaint upon one of the defendants, is a foreclosure action commenced. In this case it appears that the mortgage in suit does not specify what the rate of interest was or when it became due and payable. The mortgagor, or the College Holding Company, would thus be obliged to look outside of this mortgage to ascertain these facts. The second mortgage only recites that the first mortgage was recorded in the office of the register of the county of New York, in a certain liber and section and also at a certain page. I think, under all the circumstances of the case, the owner of the property was misled by the different dates fixed in the various mortgages for the payment of the interest and that there was no willful neglect on its part in not paying such interest on the first mortgage within the ten days of grace allowed in the second mortgage. As soon as such corporation became aware of the due date of such interest it paid the same, and within half an hour after this action was commenced. On March twenty-sixth, by the payment by the College Holding Company of the interest due on the first mortgage, all the rights of the plaintiff were protected, the security was restored intact and the plaintiff fully indemnified. In fact, under the terms of the first mortgage, no foreclosure could have been brought for the whole indebtedness until April 1, 1919. I fail to see how plaintiff was in any way prejudiced by this default in the payment of such interest. Since the commencement of this action the owner has paid all the installments of principal due and all interest up to the time of trial, of-course, without prejudice. We have thus at the time of the trial not a cent past due on the bond and mortgage, all the taxes and assessments and all the interest on first mortgage then due paid. It is for the technical default in the payment of the interest on the first mortgage within the days of grace that the *224 plaintiff seeks to foreclose the owner of this mortgage debt. This forfeiture incurred by such default, however, was redeemed by the payment of the interest on March 26,1919. It is peculiar that within two months after the sale of this property by plaintiff he should have taken advantage of the default without some notice, especially as the owner of the premises had reduced the first mortgage by a payment of $2,500 prior to the commencement of this action. Such action on behalf of the College Holding Company showed its intention to carry out its contract and goes to disprove any willful neglect on its part in not paying the interest. There should be judgment for defendant relieving it of the forfeiture by reason of its default on payment of taxable costs to plaintiff and providing in such case the complaint be dismissed, and on failing to pay such costs, judgment be directed for plaintiff, with costs. The respective parties may submit any requests to find they may desire.
Ordered accordingly.