LAWTON et al. v. LINCOLN et al.

No. 32606.   April 6, 1948.

*191 P. 2d 926.*

C. W. Clift, of Oklahoma City, and Logan Stephenson and F. C. Swindell, both of Tulsa, for plaintiffs in error.

W. H. Brown, Paul G. Darrough, Virgil R. Ball, J. B. Dudley, J. B. Dudley, Jr., Paul Dudley, Duke Duvall, and Albert D. Lynn, all of Oklahoma City, for defendants in error.

LUTTRELL, J. This is an action to foreclose a mortgage on real estate in Oklahoma county, brought by plaintiffs, J. B. Lawton and Lea Lawton, against defendants, J. H. Lincoln, Esther E. Lincoln, Ralph R. Dubour, and Nellie Lou Dubour. The case was tried to the court without a jury. The court held that the action was prematurely brought; that the indebtedness sued on was not delinquent, and that under the evidence plaintiffs were not justified in accelerating the maturity of the mortgage. It denied foreclosure, and rendered judgment in favor of the defendants for reasonable attorneys' fees and costs. Plaintiffs appeal.

The mortgage and the note thereby secured were dated June 4, 1945. The mortgage was for $5,000, and covered 20 acres of land adjoining what is now Crestline addition to Oklahoma City. After the execution of the mortgage, the mortgagors, J. H. Lincoln and Esther E. Lincoln, on June 20, 1945, sold the property to the defendants Ralph R.

and Nellie Lou Dubour, who assumed and agreed to pay the mortgage. The mortgage provided, among other things, that the mortgagor would keep all buildings erected and to be erected upon said land insured against loss or damage by tornado, fire and hail, with insurers approved by the mortgagee, in the sum of $5,000, and that if the mortgagor failed to procure and maintain such insurance the mortgagee might procure the same, but was not obligated to do so. The mortgage further provided that mortgagors should not commit waste upon said premises and that the improvements should be kept in a good state of repair. It further provided for the acceleration of maturity of the principal sum at the option of the mortgagee upon default of the mortgagor, or breach by him of any of the covenants in the mortgage contained.

The note secured by the mortgage was due and payable twelve months after date with interest at 7 per cent per annum, and the mortgagors at the time the mortgage was made paid in advance interest for one year.

This action was begun on August 1, 1945, and in their petition plaintiffs alleged a breach of the terms and conditions of the mortgage in that, on or about July 23, 1945, defendants removed from the mortgaged property one four-room house and one chicken house, and that by reason of such breach of the conditions of the mortgage the whole amount of the principal indebtedness had matured and was due and payable, together with an attorney's fee, and that under the provisions of said mortgage the indebtedness bore interest from the date of the filing of the action at the rate of 10 per cent per annum. In an amended petition filed on September 28, 1945, plaintiffs alleged an additional breach of the terms and conditions of the mortgage in that the defendants Ralph R. and Nellie Lou Dubour had furnished an insurance policy covering the property in the amount of $4,500, and delivered

same to plaintiffs, instead of a policy in the sum of $5,000.

Defendants have filed a motion to dismiss the appeal, stating that, since the appeal was lodged in this court, they have paid to plaintiffs the full amount of the note and mortgage prior to maturity, and this statement is not denied by plaintiffs. Since the judgment appealed from included attorney's fees for defendants' attorneys which have not been waived, we do not consider the question involved moot, and the motion is denied.

Inspection of the record convinces us that the judgment of the trial court was correct. The action was one of equitable cognizance. Luke v. Patterson, 192 Okla. 631, 139 P. 2d 175. The evidence clearly reflects that the defaults upon which the action is predicated did not render the mortgage security inadequate. The removal of the house and chicken house from the premises was an act within the discretion of the mortgagors so long as it did not unreasonably impair the mortgagee's security. It did not constitute waste. 36 Am. Jur. p. 866, section 354; 57 A.L.R. 451, note. From all the evidence it appears that the 20-acre tract with the improvements remaining thereon after the house and chicken house were removed had a value greatly in excess of the amount of the debt secured by the mortgage, and had been sold shortly before the trial of the case in November, 1945, for the sum of $18,000. It further appears that the defendant Ralph R. Dubour had offered to plaintiffs the full amount due on the mortgage if they would make an adjustment on the interest paid in advance, and that this offer was made before the action was filed. It further appears that prior to the time he removed the small house and chicken house from the premises, Dubour offered to pay plaintiffs the sum of $1,000 on said debt, without any adjustment for interest, and that that amount was in excess of the value of the small house and chicken

house removed by him. Plaintiffs rejected both offers. The trial court correctly held that waste was not shown, and did not err in denying foreclosure on that ground.

As to the insurance, it appears that at the time Dubour purchased the property he was engaged in the insurance business. After the purchase he wrote a new policy of insurance covering the property in one of his own companies, and insured it for $4,500 instead of for $5,000. He testified that in his judgment $4,500 was all that the buildings on the property were worth, and he did not check the mortgage to ascertain whether it required him to write any particular amount of insurance. This policy was delivered to plaintiffs, and retained by them without objection, or without any demand upon Dubour for additional insurance. Dubour had no information that a larger amount of insurance should have been placed upon the property, other than that contained in the recorded mortgage, which he admits he did not examine, until the amended petition was filed in this action, at which time he promptly mailed to plaintiffs a certificate for additional insurance in the sum of $500 to be attached to the original policy.

Under the circumstances, we think that in the absence of a demand for more insurance on the part of plaintiffs, or any objection by them to the policy so delivered, the delivery of such policy amounted to a substantial compliance with the provisions of the mortgage, and that in the absence of any showing that the failure to furnish a policy for $5,000 was in any way prejudicial to the plaintiffs, or impaired their security, the failure to furnish a policy for $5,000 did not constitute a sufficient ground for the acceleration of the maturity of the debt and the foreclosure of the mortgage. As said in McNeal v. Truesdell, 164 Okla. 131, 23 P. 2d 193, the mortgagees demanded an observance of the letter of the law, while failing to observe its spirit, and sought to inflict a penalty upon defend-

ants for technical default. While we have held in Luke v. Patterson, supra, and other cases, that the acceleration clause in a mortgage is not objectionable as being in the nature of a penalty or forfeiture, there are cases in which, by reason of the circumstances under which it is sought to be applied, it becomes closely akin thereto. The A. L. R. note to Graf v. Hope Building Corp. (N.Y.) 171 N.E. 884, 70 A.L.R. 984, beginning on page 993, cites numerous cases in which it was held that equity would relieve against the operation of the acceleration clause when the default of the mortgagor was the result of unconscionable or inequitable conduct of the mortgagee, or when the default upon which the operation of the acceleration clause was founded was caused by an accident, or by a mistake of the mortgagor acting in good faith, or under circumstances beyond his control. See, also, 41 C.J. p. 413, §262; 36 Am. Jur. p. 882, §387. The trial court did not err in denying foreclosure of the mortgage for breach of the covenant to provide insurance.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur. RILEY, J., dissents.