**Nola Elizabeth MURPHY, Plaintiff in Error,**

v.

**O. J. FOX and Patricia Manly, Defendants in Error.**

**No. 36212.**

Supreme Court of Oklahoma.

Jan. 7, 1955.

F. M. Bookstore, Oklahoma City, for plaintiff in error.

Charles Hill Johns, Oklahoma City, for defendants in error.

WELCH, Justice.

Nola Elizabeth Murphy as plaintiff in suit against O. J. Fox on a promissory note and for foreclosure of a real estate mortgage, alleged a breach of the mortgage in that the defendant had failed to pay the taxes on the real estate before delinquency, and, further, that the defendant had failed to make payments on a prior mortgage on the real estate in favor of the Oklahoma City Federal Savings & Loan Association as per an agreement of the parties made in connection with their note and mortgage transaction; further, that the defendant had disposed of certain personal property without securing the written consent of the plaintiff and contrary to an agreement between the parties which had been made in connection with their aforesaid mortgage transaction.

The defendant by way of answer denied the material allegation of the plaintiff's petition and in his answer stated that on a certain date he had attempted to pay the taxes assessed against the real estate involved, and was prevented by reason that the plaintiff had already paid said taxes. The defendant pleaded a tender and a continuing tender to plaintiff of the amount of the taxes so paid, and any and all installments due and to become due under the terms of his mortgage to the plaintiff, pending trial and determination of the plaintiff's action.

The plaintiff's motion for judgment on the pleadings was overruled.

At the conclusion of the evidence a judgment was entered denying the plaintiff any relief and dismissing the action.

The plaintiff assigns error in that the court overruled plaintiff's motion for judgment on the pleadings.

The assignment of error is premised on a proposition that "the petition pleads a breach of the terms of the mortgage by failure to pay taxes before the delinquency, and the answer of the defendant Fox admits the breach and sets up no equitable reasons for the breach."

In the petition it is alleged that the mortgage provides that the said Fox shall pay the taxes on the property covered by the mortgage before delinquency of said taxes, and it is further alleged that the defendant Fox has breached the mortgage in that he has failed to pay the taxes on said property before delinquency.

In the defendant's answer it is stated that at a certain date the defendant attempted to pay the taxes on the property involved, and that he then discovered that on said date the plaintiff had paid the taxes. The answer contains a denial of any breach of the mortgage terms and nowhere in the pleadings do we find any mention or reference to a delinquency date of taxes nor to an admission of the defendant of a failure to pay taxes before delinquency. Accordingly, we find no merit in the aforementioned assignment of error.

The plaintiff contends the court erred in holding the evidence insufficient to show a breach of the terms of her mortgage and other agreements, and, further, that the court erred in holding that the defendant was entitled to equitable relief against the acceleration clauses of the mortgage.

It was shown in the evidence that taxes on the mortgaged property became delinquent on January 1, 1953, and remained delinquent until paid by the plaintiff on January 13, 1953.

The mortgage, with defendant therein mentioned as the first party, and the plaintiff as the second party, contains provision, as follows:

"Now, if said first party shall pay or cause to be paid to said second party her heirs and assigns said sum of money in the above described note mentioned, together with interest thereon according to the terms and tenor of said note and shall make and maintain such insurance and pay such taxes and assessments, then these presents shall be wholly discharged and void, otherwise remain in full force and effect. If such insurance is not effected and maintained, or if any and

all taxes are not paid before delinquent, the mortgagee may effect such insurance or pay such taxes and assessments and shall be allowed interest thereon at the rate of ten per cent per annum until paid, and this mortgage shall stand as security for all such payments. And if said sum or sums of money or any part thereof is not paid when due or if such insurance is not effected and maintained, or any taxes or assessments are not paid before delinquent, the holder of said note and this mortgage may elect to declare the whole sum or sums and interest due and payable at once and proceed to collect said debt, including attorney's fees, and to foreclose this mortgage, and shall be entitled to possession of said premises."

██ Aside from the agreement in reference to taxes, the plaintiff alleged a breach of other agreements by the defendant. Those other alleged agreements do not appear in the terms of the mortgage. We find the evidence pertaining to said other agreements is of no concern as affecting the right of the plaintiff to a foreclosure of the mortgage. The petition, alleging a breach of the mortgage in reference to tax delinquency, was filed on January 12, 1953. Thereafter, in April, the plaintiff amended the petition to plead that defendant had failed to make a payment on the mortgage indebtedness due January 10, 1953. Prior to said amendment the defendant had tendered and pleaded a tender of the January 10th payment. Under the circumstances hereinafter noted we hold the effect of the tender was to preclude an election by the plaintiff to declare the whole sum of the mortgage indebtedness due for failure of payment of the January installment. We are brought to a consideration of the question whether or not under all the circumstances of the case the plaintiff was entitled to a judgment of foreclosure of the mortgage for breach of agreement to pay taxes before delinquency.

It was shown that the defendant purchased the property involved in April, 1951. At the time there was a mortgage indebtedness against the property in favor of the Oklahoma City Federal Savings & Loan Association for the sum of approximately $6,000, payable in monthly installments. The defendant, in purchase of the property from the plaintiff, executed a note and mortgage to the plaintiff for the sum of $26,436.35, payable in principal and interest at the rate of $100 per month, and on the 10th day of each month. The defendant paid the 1951 taxes on the property and made timely payment of all monthly installments of the mortgage indebtedness to the plaintiff, up to and including the month of December, 1952. On December 12, 1952, the defendant sold a portion of the real estate involved to one Patricia Manly. In the deed from the defendant to Patricia Manly it was provided that the said Patricia Manly shall assume the first and second mortgages against the property, said mortgages being in favor of the said Loan Association and the plaintiff herein.

██ According to testimony the plaintiff came to the place of business of Patricia Manly shortly after the transaction between the defendant and Manly. There the plaintiff made inquiry concerning the details and terms of the transaction between the defendant and Manly, and there the plaintiff stated she was changing her address and would later call Manly concerning the plaintiff's new address or a place to mail or bring the January 10th payment on the plaintiff's mortgage, or otherwise the plaintiff would come by the place of business of Manly to pick up the said payment. Thereafter the plaintiff neither called concerning her address nor came by the said Manly's place of business. On said January 10th the defendant inquired at the Manly place of business if the January 10th payment on the plaintiff's mortgage had been paid. In purpose that the plaintiff receive timely payment, the defendant then went to an address of the plaintiff as had existed on the prior December 10th, and where the defendant had made the December payment to the plaintiff. There the defendant discovered that the plaintiff had removed from such address, as a place of residence, and had left no forwarding address. The defendant after further effort was unable to find the

plaintiff until after the instant suit had been filed.

Patricia Manly mailed her check in the amount of the January 10th mortgage payment to the Oklahoma City Federal Savings & Loan Association. The check was made payable to the plaintiff and said Loan Association. On January 12th the said Loan Association tendered the check to the plaintiff and the plaintiff refused it. On said January 12th the plaintiff filed her petition for foreclosure, alleging a breach of the mortgage by reason of the failure of the defendant to pay taxes before their delinquency on January 1, 1953.

According to the testimony of the defendant it had long been his custom and practice to arrange with the Oklahoma City Federal Savings & Loan Association whereby and whereunder for the past several years they had paid the taxes on the defendant's various properties. Prior to January 13, 1953, the defendant had arranged with the said Association to pay the taxes assessed against the property covered by the plaintiff's mortgage. On January 13th, and before summons in the plaintiff's suit, the defendant inquired at the said Association's office concerning the payment of taxes. Thereafter on said day the said Association attempted to pay the taxes on the property here involved. The Loan Association and the defendant then first learned that on said day the plaintiff had paid the taxes on the property. On January 14th, following, the defendant tendered to the plaintiff the amount of the taxes so paid, and thereafter the defendant filed his aforementioned answer, pleading tender and continuing tender of said sum to the plaintiff, and together with any and all payments due and to become due on the mortgage indebtedness pending trial and determination of the action.

The foregoing circumstances in proof permit an inference that the plaintiff learned that the defendant had made an advantageous sale of the property covered by the plaintiff's mortgage, and at the time when there was no breach of the mortgage terms the plaintiff sought to hinder the timely payment of an installment to become due on the mortgage indebtedness and to encourage a default, motivated by a purpose to accelerate the maturity of the defendant's entire mortgage indebtedness in the circumstances that the defendant had made a sale of the property which strengthened the plaintiff's mortgage security; that the plaintiff thereafter on learning that taxes due on January 1st had not been paid hastened to suit on January 12th to declare a default of the defendant in failure to make timely payment of taxes without regard to any circumstances of the defendant's failure to make timely payment, and although such default did not impair her mortgage security nor work any prejudice to the plaintiff.

"The proposition is accepted without dispute that a stipulation in a mortgage providing that the whole debt secured thereby shall become due and payable upon failure of the mortgagor to pay the interest or any installment of principal upon maturity thereof, or to comply with any other condition of the mortgage, is a legal, valid, and enforceable stipulation, and is not in the nature of a penalty or forfeiture which a court of equity will refuse to enforce. * * *" 36 Am.Jur. Mortgages, § 385.

On the other hand, "It is generally accepted that a court of equity has the power to relieve a mortgagor from the effect of an operative acceleration clause in a mortgage where the default of the mortgagor was the result of some unconscionable or inequitable conduct of the mortgagee. Some courts go further and relieve a mortgagor from the effect of the acceleration clause where the default was caused by an accident or mistake of the mortgagor acting in good faith, or under unusual circumstances beyond his control. * * *" 36 Am.Jur. Mortgages, § 387.

In the case of Lawton v. Lincoln, 200 Okl. 182, 191 P.2d 926, this court held:

"Where a mortgage provided that the improvements on the mortgaged real estate should be insured for $5,-000.00, and the mortgagor procured and delivered to the mortgagees an insurance policy, which, due to a mistake on the part of the mortgagor,

provided insurance on the improvements for only $4,500.00, and said policy was retained by the mortgagees without objection and without a demand for additional insurance, there was a substantial compliance with the covenant to insure, and in the absence of any showing of prejudice to the mortgagees or impairment of their mortgage security, the trial court correctly denied foreclosure for such default under the acceleration clause provided in the mortgage."

In 70 A.L.R. p. 1000, there is cited a number of cases wherein under particular circumstances courts have relieved the mortgagor from the effect of the acceleration clause when the default was caused by an accident, or a mistake of the mortgagor, who was acting in good faith, or unusual circumstances beyond his control. In the comment on the cited cases it is stated:

"In Germania Life Ins. Co. v. Potter, 1908, 124 App.Div. 814, 109 N.Y.S. 435 (reversing decree, 1907, 57 Misc. 204, 107 N.Y.S. 912), a mortgage provided for the acceleration of the maturity of the principal debt on default of payment of taxes due. The mortgagor had leased the mortgaged premises to a tenant, who covenanted to pay the taxes, but who failed to meet a tax on the day that it fell due. On the next day the mortgagee paid the tax, elected to accelerate the maturity of the debt, and sued to foreclose the mortgage. The mortgagor was unaware of either the tenant's failure to discharge the taxes, or the subsequent action of the mortgagee, until she received notice of the suit. Thereupon, she tendered all taxes that had been paid. The court refused to allow the foreclosure on the basis of the mortgagor's technical default, saying:

" 'The foreclosure of a mortgage is equitable in its nature, although based on legal rights, and it is the province of a court of equity to see to it that a party invoking its relief shall have dealt fairly, before relief is given. Under the circumstances of this case, it is very evident that this respondent

did not deal fairly with the appellant, and that it took a technical and unconscionable advantage of the situation.' "

In the dissenting opinion of Chief Justice Cardozo in the case of Graf v. Hope Bldg. Corp., 254 N.Y. 1, 171 N.E. 884, 70 A.L.R. 988, the imminent jurist stated:

"There is no undeviating principle that equity shall enforce the covenants of a mortgage, unmoved by an appeal ad misericordiam, however urgent or affecting. The development of the jurisdiction of the chancery is lined with historic monuments that point another course. * * * One could give many illustrations of the traditional and unchallenged exercise of a like dispensing power. It runs through the whole rubric of accident and mistake. Equity follows the law, but not slavishly nor always. Hedges v. Dixon County, 150 U.S. 182, 192, 14 S.Ct. 71, 37 L.Ed. 1044. If it did, there could never be occasion for the enforcement of equitable doctrine. 13 Halsbury, Laws of England, p. 68.

"To all this, acceleration clauses in mortgages do not constitute an exception. They are not a class by themselves, removed from interference by force of something peculiar in their internal constitution. In general, it is true, they will be enforced as they are written. In particular this has been held of a covenant in a mortgage accelerating the maturity of the principal in default of punctual payment of an installment of the interest. If the quality of a penalty inheres in such a covenant at all, it is not there to such a degree as to call, in ordinary circumstances, for mitigation or repression. Noyes v. Clark, 7 Paige, 179, 32 Am.Dec. 620; Ferris v. Ferris, 28 Barb. 29; Malcolm v. Allen, 49 N.Y. 448; Bennett v. Stevenson, 53 N.Y. 508. Less favor has been shown to a provision for acceleration of a mortgage in default of punctual payment of taxes or assessments. We have held that such a provision, though not a penalty in a strict or proper sense, is yet so closely akin thereto in view of the forfeiture of credit that equity will

relieve against it if default has been due to mere venial inattention and if relief can be granted without damage to the lender. Noyes v. Anderson, 124 N.Y. 175, 26 N.E. 316, 21 Am.St.Rep. 657; followed in Ver Planck v. Godfrey, 42 App.Div. 16, 58 N.Y.S. 784; Germania Life Ins. Co. v. Potter, 124 App.Div. 814, 109 N.Y.S. 435 * *."

This court has adhered to the principle that in a suit of equitable cognizance to foreclose a real estate mortgage the trial court may refuse foreclosure where there has been a technical default due to a mistake or mere venial inattention and of no damage to the mortgage security or prejudice to the mortgagees. Lawton v. Lincoln, supra.

Herein, it appears that the defendant's failure to make punctual payment of taxes was due to mistake or inadvertence as to the delinquency date of the taxes and that his default in this regard, for a period of twelve days only, caused no impairment of the plaintiff's mortgage security, nor otherwise worked an injury to the plaintiff.

In the circumstances, we hold the trial court did not err in denying foreclosure of the mortgage.

Affirmed.