**BEALL v. JACKSON, et al.**

No. 6794.

Circuit Court, Santa Rosa County.

December 18, 1959.

Forsyth Caro, Pensacola, for plaintiff.

Patrick G. Emmanuel, Henry R. Barksdale and Thurston A. Shell, all of Pensacola, for defendants.

WOODROW M. MELVIN, Circuit Judge.

This cause is before the court upon plaintiff's motion for the entry of a summary decree.

The suit seeks to foreclose a purchase money mortgage in the sum of $37,500, of date September 1, 1958, recorded November 12, 1958, and it is alleged that the defendants defaulted in the payment of instalment of principal in the sum of $2,400, and interest in the sum of $1,875, due September 1, 1959. It is also alleged that the defendants breached the terms of the mortgage in that they neglected and failed to pay before delinquent ad valorem tax due Santa Rosa

County for the tax year 1958, levied against subject property, and that plaintiff was required to pay such tax in the amount of $66.75, which sum he paid April 18, 1959.

The complaint seeking foreclosure of the mortgage was filed in this court September 2, 1959. The mortgage sought to be foreclosed provides a grace period of 10 days for the payment of sums of money due to be paid under the mortgage; the principal and interest payment was accordingly not due at the time of the filing of the complaint in this cause. On September 22, 1959, the defendants, Ben W. White and John Beckwith, paid into the registry of the court the sum of $4,341.75, representing payment of principal, interest and taxes conceded by them to be due under the terms of the mortgage.

Defendants' motion to dismiss the complaint having been denied October 2, 1959, the defendants thereafter filed their answers. The answer of the defendants, Ben W. White and John Beckwith, alleges, among other things, that the mortgage sought to be foreclosed was in truth and in fact executed and delivered November 6, 1958; that the plaintiff received the tax statement from the tax authorities of Santa Rosa County covering tax levied on the subject property for the year 1958, but did not transmit the same to the defendants. The answer further contends that the amount of the tax is a small and inconsequential sum as compared to the principal of the mortgage and that the security of the plaintiff was not impaired by the non-payment of the tax.

The answer of the defendants, C. Gannon Jackson and Sarah M. Jackson, husband and wife, admits the execution of the subject mortgage dated September 1, 1958, but they allege that said mortgage was delivered to the plaintiff November 6, 1958, at which time said defendants allege the plaintiff delivered to them a deed conveying the subject property. Said defendants further allege that the plaintiff received the ad valorem tax notice for the year 1958 and retained the same in his possession, transmitting no information therein contained to said defendants. The plaintiff has filed his affidavit in support of motion for summary decree, and that affidavit is opposed by the affidavits of the defendants, reciting alleged facts in support of their answer to the complaint and opposition to foreclosure.

It appears in this record, without contradiction, that the tax notice upon the subject property was mailed by the tax authority of Santa Rosa County to the plaintiff. It also appears in this record that such tax notice was retained by him and, perhaps through in-

advertence, such tax notice, or the information therein contained, was not transmitted to the defendants, or either of them. It also appears in the record, without contradiction, that regardless of the date of the deed from the plaintiff to the defendant, C. Gannon Jackson, and the date of the purchase money mortgage sought to be foreclosed, such deed and mortgage were actually delivered subsequent to November 1, 1958, the date mentioned being the date when ad valorem tax assessed upon the real estate in question was due and payable by the plaintiff.

While it is true that the defendants, by their covenants, assumed and agreed to pay the ad valorem tax for 1958 (and subsequent years during the life of the mortgage) and it was and is their obligation so to do, equity imputes to such defendants an intention to fulfill their obligation, and equity presumes that they intended to do right rather than wrong, to perform their duty rather than to violate it, in the absence of evidence to the contrary.

It is the opinion of this court that a duty rests upon a chancellor to relieve a mortgagor from the operation of an acceleration clause in a mortgage when it is shown that no harm is done to the security by virtue of the default producing an unharmful breach of a condition in the mortgage; where the mortgagor is technically in default because of unusual circumstances, or in those cases where substantial payments in reduction of the purchase price have been made, and the default was slight and due to inadvertence. See Fla. Jurisprudence, Mortgages, Sec. 214, and 59 C.J.S. Mortgages, Sec. 495 (6). See also Caspert v. Anderson Apts. (Sup. Ct.), 94 N.Y. Supp. 2d 521, 525; Murphy v. Fox (Okla.), 278 P. 2d 820, 825-6; and Robertson v. Adair, 14 Fla. Supp. 26.

At the time of the delivery of the deed from the plaintiff to the defendants Jackson, and the delivery of the purchase money mortgage from the Jacksons to the plaintiff, the ad valorem tax due Santa Rosa County for 1958 was then a lien upon the subject land, and was due and payable by the plaintiff. This tax sum the defendants Jackson assumed and agreed to pay. When the plaintiff thereafter received official information from the tax authorities as to the amount of such tax, he, in equity, was obligated to transmit such tax information to the defendants.

It is the opinion of the court, based upon the undisputed facts, that the non-payment of the tax in this case resulted in no harm to plaintiff's security, and that although the mortgagors may be technically in default, such was an unintentional default and was due, at least in part, to the inadvertent act of the plaintiff in retaining,

rather than passing on to the defendants, the tax notice by him received.

Let a decree be prepared denying plaintiff's prayer for foreclosure, directing the clerk of this court to transmit to the plaintiff, upon his request, the funds paid into the registry of this court as payment of the principal and interest instalment and as payment of taxes, and dismissing the complaint.