## DAMET et al. v. AETNA LIFE INS. CO.

No. 9113—Opinion Filed March 4, 1919.

Rehearing Denied March 8, 1919.

(179 Pac. 760.)

(Syllabus.)

**1. Mortgages — Default — "Immediately Due."**

Where a mortgage provides that upon default in the payment of the principal debt or any installment of interest and taxes secured thereby, the whole amount secured shall become immediately due and payable at the option of the holder, "immediately due" means "immediately upon or after the holder's election," and he is not bound to elect immediately after default, and such a provision does not simply render the notes due for purposes of foreclosure in case the option is exercised, but for all purposes, and the right to exercise the option exists as long as the default continues, and it is not waived by a mere delay. which has not operated to the benefit of the mortgagee nor to the detriment of the mortgagor.

**2. Same—Insufficiency.**

Where a mortgagee has exercised an option granted in the mortgage, "In case of default in the payment of any installment of taxes or interest, the whole amount secured shall become immediately due and payable at the option of the holder," and that said mortgage may be foreclosed accordingly, by filing an action of foreclosure, and the makers of the notes and mortgage or their vendees offer thereafter to pay the amounts in default. such does not amount to a tender within the meaning of the law, and is not sufficient to support the plea of tender.

Error from District Court, Wagoner County; R. P. De Graffenried, Judge.

Action by the Aetna Life Insurance Company against Eliza Damet. John B. Damet, and others. Judgment for plaintiff upon the pleadings, and defendants bring error. Affirmed.

Graves & Dickey. for plaintiffs in error.

Ames. Chambers. Lowe & Richardson and Watts & Summers. for defendant in error.

JOHNSON, J. This is an appeal from the district court of Wagoner county. In this

case, the plaintiff below filed a motion for judgment upon the pleadings which was sustained by the court, and judgment rendered thereon as prayed for.

The principal question for determination rests on these facts:

On the 6th day of September, 1913, the defendants Eliza Damet and John P. Damet executed one principal note for $3,200, due on the 1st day of March, 1921, and the interest thereon at 6 per cent. per annum was evidenced by promissory notes in the sum of $192, each due, respectively, on the 1st day of March of each year thereafter, all of which were made payable to the Aetna Life Insurance Company, the plaintiff below, and on the same date executed a mortgage upon the lands in Wagoner county to secure the payment of the said notes.

It was provided in said notes and mortgage that on the failure to pay the principal note or any installment of interest thereon at maturity, and in case of default in the payments of any installment of taxes or assessments upon said property, the whole amount secured shall become immediately due and payable at the option of the holder.

Thereafter the land covered by the mortgage was conveyed by Damet and wife to the defendant James A. Harris by a general warranty deed, with a provision that the notes and mortgage hereinbefore described were expressly excepted in said deed of conveyance.

In the plaintiff's petition filed on the 11th day of August, 1916, it prayed judgment for $3,398, with interest from March 1, 1916, at 10 per cent. per annum, $350 attorney's fee, and for foreclosure of its mortgage upon the land covered by the same alleging default on the part of the defendants to pay the taxes for the year 1915, and the installment of interest amounting to $192, which was due upon the 1st day of March, 1916, in which petition the plaintiff averred the foregoing stipulation in the notes and mortgage and the exercise by it of its option, and declared the whole amount secured by the mortgage to be due.

The defendants demurred to the petition of the plaintiff, which being overruled by the court, filed their answer consisting of a general denial, and a further answer admitting the conveyance of the land by Damet and wife to Harris, and admitting the omission to pay at maturity the notes and taxes referred to in plaintiff's petition, but charged that the plaintiff neglected to declare default on the 1st day of March, 1916, until a long time thereafter, in order to obtain the benefit of additional 4 per cent. interest on the principal of said notes and mortgage, and thereby deriving from its laches to the detriment of the defendants the amount of said interest at the rate of 4 per cent. per annum from and after the 1st day of March, 1916, up to the filing of its suit. That no demand had ever been made upon them, or either of them, for payment until a short time after filing of plaintiff's action, at which time the defendant Harris offered, tendered, and agreed to pay to plaintiff all interest and taxes then due, together with a reasonable attorney's fee. The mortgage provided for an attorney's fee of $350 in case of foreclosure by suit.

Thereafter the plaintiff filed its motion for judgment upon the pleadings, which motion was by the trial court sustained, and judgment rendered in favor of the plaintiff in the amount sued for, except the rate of interest which was allowed was only 6 per cent. until the date of judgment and for 10 per cent. thereafter, from which judgment the defendants below appeal to this court and assign error.

The plaintiffs in error cite in support of their contention an excerpt from 27 Cyc. n. 553, the following:

"Proceedings to foreclose a mortgage should be taken with reasonable promptness, and the right under the terms of the mortgage to foreclose the entire indebtedness on a partial default may be lost by laches, although not, it seems, by any delay which has not operated to the benefit of the mortgagee or to the detriment of the mortgagor."

And from Kas. L. & T. Co. v. Gill, 2 Kan. App. 488, 43 Pac. 991, as follows:

"If by reason of the delay the plaintiff should gain any advantage, or the defendant should suffer any detriment or loss, other considerations would enter into the case, and it might then be said that there was a waiver."

After which they concluded by saying that:

"From the above authorities it is apparent that where the delay operates to the benefit of the mortgagee, and to the detriment of the mortgagor, it will be deemed a waiver."

The foregoing was taken from the plaintiffs in error's brief, and contains practically all they offer in support of their contention that the trial court should be reversed, which contention is that the plaintiff waives its right to declare the debt due because the

delay from March 1 to August 11, 1916, was an advantage to the plaintiff and a detriment to the defendants. Neither party cite any Oklahoma case in support of their respective contentions.

In Jones on Mortgages (6th Ed. § 76) it is said:

"A stipulation that the whole sum shall become due and payable upon any default in the payment of the principal or interest is universally held to be legal and valid. It is not objectionable as being in the nature of a penalty or forfeiture."

Mr. Justice Brewer, in the case of Wheeler & Wilson Mfg. Co. v. Howard (C. C.) 28 Fed. 741, in passing upon this question, said:

"Where a mortgage provides that, upon default in the payment of either of the notes secured thereby, all shall become 'immediately due, at the option of the holder,' 'immediately due,' means 'immediately upon or after the holder's election,' and he is not bound to elect immediately after default."

What constitutes a reasonable time in which to declare an election is passed upon by the Supreme Court of Colorado in Washburn v. Williams, 10 Colo. App. 159, 50 Pac. 225, in which it is said:

"What constitutes a reasonable time is not definitely fixed, either by law or custom, but must depend upon the circumstances of each particular case. It appears from the evidence, and is also a matter of common knowledge, that during the years 1893 and 1894 great financial stringency prevailed throughout the country, so that it was difficult to secure a loan of money upon even the best security. We do not think, therefore, that the indulgence of a creditor on such an occasion as this should be construed against him. The delay was for the benefit of the plaintiff, was for the purpose of enabling him to sell the land, or otherwise raise the money to discharge the debt, and, under these circumstances, four months was not, in our opinion, an unreasonable time within which to make the election."

The Supreme Court of Kansas, in the case of Kan. L. & T. Co. v. Gill, supra, said:

"That the right to exercise the option exists as long as default continues."

The record discloses that the status of the parties remained the same from March 1, 1916, when default was made, until August 11, 1916, when the foreclosure action was filed, nothing occurring during the interim which operated to the advantage of the Aetna Life Insurance Company, or to the disadvantage of the mortgagor.

The default was continuous during this period, and was in such condition that the mortgagors or the defendant Harris could have prevented the exercise of the election to declare the debt due. This they did not see proper to do. There was no tender by the defendant Harris until after the foreclosure proceedings had been commenced, and therefore he was not in a position to urge successfully that a sufficient tender had been made at the time he offered to pay what he deemed to be due. In fact the whole debt had become due by the exercise of the option by the plaintiff given it in the contract. Isbell v. Walton Trust Co., 63 Okla. 182, 163 Pac. 716; Bly v. Pool, 60 Okla. 77, 159 Pac. 511.

There was no error committed by the trial court in sustaining the plaintiff's motion for judgment on the pleadings and in rendering the judgment complained of.

The judgment of the trial court is affirmed.