GEE et al. v. SECURITY BANK & TRUST CO. OF ENID, OKLA.

*98 P. 2d 922.*

No. 28968.   Dec. 19, 1939.

Rehearing Denied Jan. 30, 1940.

Application for Leave to File Second Petition for Rehearing Denied Feb. 13, 1940.

Frank T. Gee. of Oklahoma City, and J. Dawson Houk, of Fairview, for plaintiffs in error.

Mitchell & Mitchell, of Enid, and John

Butler, of Fairview, for defendant in error.

GIBSON, J. This is an action on promissory note and to foreclose real estate mortgage given to secure the same. Judgment was for the plaintiff below, and certain of the defendants have appealed. The parties will be designated here as they were at the trial.

The note and mortgage were executed by Emmett Gee and his wife, Elsie Gee, who were defendants at the trial, but are not parties on appeal. These appealing defendants joined in the execution of the note, but did not join in the mortgage.

The answer and cross-petitions contained a general denial, but admitted the execution of the note, pleaded no consideration, alteration of the note after delivery, fraud in the procurement of the signatures, and certain other defenses. Defendants sought cancellation of the mortgage as a cloud on their title, and for such other relief as deemed proper by the court.

Defendants were denied a jury, and they charge error.

The suit is one for the recovery of money and for that reason would ordinarily entitle defendants to a trial by jury as a matter of right, section 350, O. S. 1931, 12 Okla. Stat. Ann. § 556, but their cross-petitions seek relief that only a court of equity can grant, cancellation of the mortgage and quiet title to the premises involved. Moore v. Stanton, 77 Okla. 41, 186 P. 466. The rule is there stated as follows:

"Where, in an action on a promissory note and to foreclose a mortgage executed to secure payment of same, defendant admits execution of the note and mortgage and by cross-complaint sets up a defense involving the application of equitable doctrines, and seeks affirmative relief that only a court of equity can give, such defendant is not entitled to a jury trial."

Foreclosure is an action of equitable cognizance; the defense here was equitable. Where both parties seek equitable relief, neither may demand a jury as a matter of right. Miller v. Exchange Nat. Bank of Tulsa, 180 Okla. 550, 71 P. 2d 456. The trial court did not err in denying jury trial.

Defendants cite a number of cases in support of the contention that the action was one for the recovery of money as contemplated by section 350, supra, and therefore triable to a jury as a matter of right on the questions of fraud, alteration of instrument, and so forth. But an examination of those cases reveals that the question of right to trial by jury was not raised, or that the action was not one in equity, or that an equitable defense for the primary purpose of obtaining equitable relief was not interposed.

Defendants insist that their demurrer to the evidence, or motion for judgment, should have been sustained.

. It is here contended that the plaintiff breached a certain written contract wherein it was agreed that a release of a prior mortgage on the premises would "be made within 15 days from the date" of the contract. Defendants assert that the release was not made as agreed, thus voiding the note in question.

It seems that said note was given in consideration of the aforesaid release. But, assuming that time may have been of the essence of the contract, there is no evidence to show that the release was not actually made within the time agreed. In fact, it bears a date six days subsequent to the date of the contract. It was not filed for record, however, until some 30 days after the date of the contract. The evidence is sufficient to show that the execution of the release complied with the agreement. Though the statutes may place upon the mortgagee, after request, the duty of recording such a release (sec. 11266, O. S. 1931, 46 Okla. Stat. Ann. § 15), it is nevertheless effective from the date of execution and delivery. The record does not inform us as to the date of delivery.

Defendants say that the evidence showed no delivery of the note; that it

was materially altered; that it was obtained by fraud; that the statute of limitations had run.

These issues the court determined generally against defendants. Its conclusion is fully supported by the clear weight of the evidence.

Defendants filed an application in the form of an affidavit for the disqualification of the trial judge or for change of venue. The grounds assigned were the bias and prejudice of the judge. The application was denied. There is no allegation or showing that the alleged bias and prejudice were of that character which will disqualify for reasons of public policy. In fact, there is no showing that the trial judge abused his discretion in refusing to disqualify. We find no support in the briefs or in the record for the allegations in the application, and there is no indication of an abuse of discretion. Twin City Fire Ins. Co. v. First Nat. Bank of Marietta, 145 Okla. 293, 292 P. 833. We are governed by the rule as there stated. It reads as follows:

"An application filed in a civil case to obtain a change of venue or disqualify the judge on the ground of prejudice or bias is addressed to the sound discretion of the judge, and the ruling thereon will not be reversed on appeal, unless there appears to have been a clear abuse of such discretion. * * *"

The record discloses no error. We therefore affirm the judgment.

BAYLESS, C. J., and OSBORN, CORN, and HURST, JJ., concur.

---

On Rehearing.

WELCH, V. C. J. (dissenting). It seems to me the right is fixed to have the issues of fact in this case tried to a jury. See section 19, article 2, of the Constitution, and statutory provision is section 350, O. S. 1931, 12 Okla. St. Ann. § 556. The statutory provision does not include nor in any sense imply an exception by which some actions for the recovery of money may be or become nonjury cases on account of the character of part of the defense interposed,

therefore the majority opinion is not justified. When issues of fact arise in any action for the recovery of money, it is specifically required by the above statute that such issues be tried by a jury unless a jury trial is waived. Here the defendants not only did not waive a jury, but demanded a jury, which was denied. I think the majority opinion contrary to our many determinations in such actions heretofore, and that we should here follow the plain provisions of the statute.