LUKE, Ex'r, v. PATTERSON, Ex'x, et al.

No. 29793.   May 6, 1941.

*113 P. 2d 365.*

Wm. T. Powell, of Walters, for plaintiff in error.

Floyd L. Jackson and Walter Hubbell, both of Walters, for defendants in error.

DAVISON, J.   This case involves an appeal from the district court of Cotton county from an order which dismissed for want of equity an action brought to accelerate and foreclose a real estate mortgage.   The parties appear in this court in the same order as they did in the trial court, and will be referred to as plaintiff and defendant.

The pleadings consisted of the petition of plaintiff, motion by defendant to dismiss, motion by plaintiff for judgment on the pleadings, amended and supplemental motion to dismiss by defendant, and motion to strike by plaintiff.

The trial court overruled plaintiff's motion to strike the defendant's amended and supplemental motion to dismiss, denied plaintiff's motion for judgment on the pleadings, and sustained defendant's amended and supplemental motion to dismiss the plaintiff's action, at the cost of plaintiff, on the theory that to allow plaintiff the relief prayed for would be inequitable and unconscionable.   From that judgment plaintiff has appealed.

The only question necessary for determination is whether the court erred in dismissing the action on consideration of the amended and supplemental motion to dismiss, which motion alleged numerous reasons to the effect that the filing of the action was unconscionable, oppressive, and wholly contrary to the principles of equity.   We deem it un-

necessary to discuss the principles of equity involved herein because in our opinion the case must be decided upon a question of procedure. If we assume that the motion to dismiss contains allegations sufficient for a court to grant equitable relief, even when such motion is treated as an answer, it would be error for the court to dismiss the action. State ex rel. Morrison v. City of Muskogee, 70 Okla. 19, 172 P. 796; section 418, O. S. 1931, 12 Okla. St. Ann. § 683. Section 418, O. S. 1931, supra, provides for the dismissal in certain instances, and also provides that in all other cases, upon the trial of the action, the decision must be upon its merits. Webb v. Vaden et al., 75 Okla. 288, 183 P. 480; Case v. Hannahs, 2 Kan. 484.

As in the Webb Case, supra, there was no proof offered in the present case. Had the court treated the motion to dismiss as an answer, and upon proper proof sustained the same, and rendered judgment for defendant upon such proof, that would have amounted to a decision on its merits. State ex rel. Morrison v. City of Muskogee, supra. The record does not indicate that any evidence was heard on the motion to dismiss. The cause should have been tried on its merits.

The judgment is reversed and the cause reinstated for further proceedings in keeping with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and OSBORN and GIBSON, JJ., concur.