JENKINS et al. v. ABERCROMBIE.

No. 33974.    March 6, 1951.

*228 P. 2d 657.*

E. Norton Burbage, Tahlequah, and Ad V. Coppedge, Grove, for plaintiffs in error.

Dennis E. Beauchamp, Jay, and E. H. Beauchamp, Grove, for defendant in error.

ARNOLD, C. J.    This action was brought by defendant in error, plaintiff below, for money alleged to have been borrowed by plaintiffs in error, H. R. Jenkins and V. A. Jenkins, defendants below, from defendant in error's decedent, Abe Abercrombie, and for foreclosure of an alleged equitable lien in the form of a warranty deed given as security for the alleged loan. Hereafter the parties will be referred to as they appeared in the lower court.

In support of the allegations of her petition, plaintiff's evidence shows that: she was the sole heir of Abe Abercrombie, deceased, who died on July

4, 1945; defendants H. R. and V. A. Jenkins, husband and wife, borrowed $800 from plaintiff's decedent for the purpose of buying a 6-acre tract of land; to secure this loan, on October 26, 1944, said defendants made, executed and delivered to plaintiff's decedent a warranty deed, reciting a consideration of $700, to the 80 acres of land involved herein; they executed a note of even date in the amount of $100 to secure the balance of the loan; said defendants asked plaintiff's decedent to keep the transaction a secret and not record the deed lest defendants lose their old age pension; plaintiff's decedent agreed not to record the deed and to return it to his grantors upon repayment of the $700; plaintiff's decedent did not record the deed during his lifetime; defendants did not repay the $700 to plaintiff's decedent; plaintiff recorded the deed on July 21, 1945, after her decedent's death; after recording the deed she learned that on July 6, 1945, two days after her husband's death, defendants had made, executed, and recorded a deed conveying this same 80 acres to their son, defendant H. D. Jenkins; said latter deed was made without consideration and to defeat the lien evidenced by plaintiff's decedent's deed; aggregate payments in the amount of $20 had been made upon the note mentioned above; plaintiff made demands upon defendants for the payment of the $700 and the balance of $80, but defendants had refused payment.

In support of the allegations of defendants' joint answer, the evidence shows that: H. R. Jenkins and his wife wanted to buy 6 acres of land with a house on it; to obtain the money for the purchase price they sold the 80 acres here involved outright to Abe Abercrombie for $700, and borrowed another $100 for which they gave a note; they conveyed the 80 acres to Abercrombie by warranty deed; sometime in the latter part of October, 1944, H. D. Jenkins made an oral contract with Abercrombie whereby Abercrombie agreed to sell the 80 acres to him for a con-

sideration of $700; Abercrombie was not to record the deed in his possession, but as soon as H. D. Jenkins paid for the land, Abercrombie was to return his deed either to the grantors or to H. D. Jenkins; H. D. Jenkins paid Abercrombie $500 in November, 1944, and the balance of the purchase price, $200, and also the balance of $80 due on his father's note, in the latter part of January or the first part of February, 1945; H. D. Jenkins made no demand on Abercrombie at the time he paid the balance of the purchase price either for a deed from Abercrombie or for redelivery of the unrecorded deed of Abercrombie's grantors; two days after Abercrombie's death H. R. and V. A. Jenkins made a deed conveying the 80 acres to their son H. D. Jenkins; H. D. Jenkins had had possession of the property during all the time here involved; H. D. Jenkins at all times knew of the deed held by Abercrombie.

The cause was submitted to a jury. The jury was instructed that the verdict should be in favor of plaintiff if the evidence by fair weight and preponderance showed that the deed was given to Abercrombie as security for the payment of a loan of $700 and was intended as a mortgage. Neither party objected to any of the instructions given nor offered any instructions. The verdict was for plaintiff. Judgment was entered in accordance with the verdict for $700 with interest from October 26, 1944, against H. R. Jenkins and V. A. Jenkins personally, and in rem against H. D. Jenkins, declaring said judgment to be a lien upon the 80 acres in question, prior and superior to the claim of defendant H. D. Jenkins, and ordering upon failure of the defendants to satisfy the judgment that the land be sold according to law to satisfy the lien.

It is conceded by all parties that the controlling and decisive issue of fact was that submitted in the instructions, to wit: as to whether the deed was

given as a mortgage and security. The sole contention made here is that the trial court committed fundamental error in its instructions as to the burden of proof on this issue of fact. In this connection it is contended that to declare an instrument, to wit, a warranty deed, a mortgage, the evidence must be clear, cogent, and convincing and that the court's failure to so instruct the jury constitutes fundamental error requiring reversal.

The evidence to establish the fact that a warranty deed is given as a mortgage and security for the payment of a loan must be clear, cogent and convincing. Morrison v. Krouch, 141 Okla. 288, 285 P. 10; Renas v. Green, 88 Okla. 169, 212 P. 755; Emery, Rec., v. Villines, 175 Okla. 552, 53 P. 2d 277. Here we have a suit against H. R. Jenkins and his wife to establish that a warranty deed was given by said defendants to plaintiff's decedent as security for a loan of money and for judgment against them for the money loaned and foreclosure of the mortgage. Proof of the defendants is to the effect that the deed was given to consummate a sale of real estate and for the purpose of transferring title thereto. As to this transaction there was no question of fact triable to a jury. The other defendant, H. D. Jenkins, alleged and offered proof to show an oral deal between him and Abercrombie for the sale and purchase of the same land. His proof shows payment of the agreed sale price and he asks that his title be quieted against Abercrombie.

In an action of equitable cognizance, where a defendant sets up a cause of action against the plaintiff and asks affirmative relief, as in this case, the quieting of his title against the plaintiff, there is no question of fact triable to a jury and the verdict of the jury therein is advisory only. In such case the court must ultimately determine all questions of fact as well as law, and alleged error of the court in giving and refusing instructions will form no basis or ground of error for appeal to this court. Mattingly v. Sisler, 198 Okla. 107, 175 P. 2d 796; Luke v. Patterson, 192 Okla. 631, 139 P. 2d 175, 148 A.L.R. 679; Smith v. Stock Yards Loan Co., 186 Okla. 152, 96 P. 2d 55; Russell v. Freeman et al., 202 Okla. 421, 214 P. 2d 443; Gee v. Security Bank & Trust Co. of Enid, 186 Okla. 477, 98 P. 2d 922.

The evidence that the deed was given as security for the loan of the money for which judgment was sought is clear, cogent and convincing, and therefore we cannot say as a matter of law that the judgment of the court, in which inheres a finding that the defendant H. D. Jenkins did not have the alleged transaction with Abercrombie, is clearly against the weight of the evidence.

Judgment affirmed.

CORN, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. LUTTRELL, V.C.J., and WELCH, J., concur in result.