**122**

Al **BERNSTEIN** and Kenneth Bernstein,
Partners, d/b/a **BFC Financial**
Company, Plaintiffs,

v.

Elsie C. **ELLIS** et al., Defendants.

Civ. No. 73-138.

United States District Court,
E. D. Oklahoma,
Civil Division.

Jan. 8, 1974.

James D. Fellers, Oklahoma City, Okl.,
Austin R. Deaton, Jr., Roger L. Benson,
Ada, Okl., for plaintiffs.

Louis M. Watson, Ada, Okl., for Ellis.

Ray L. Brummett, Wichita, Kan., for
Fed. Land Bk.

Todd Markum, Oklahoma City, Okl.,
for Okl. Industrial Finance Authority.

## ORDER

DAUGHERTY, Chief Judge.

Upon consideration of the Motion for
Jury Trial presented to the Court in
Oklahoma City on January 4, 1974, but
not filed herein with the Clerk at Mus-
kogee, Oklahoma by Defendant Elsie C.
Ellis, the Court finds that the same
should be denied. The Court notes that
in said Motion said Defendant Ellis re-
news her objections to the jurisdiction
of this Court to entertain and decide
this litigation. The Court is fully satis-
fied that jurisdiction is present in this
Court on the basis of diverse citizenship
and there being present the required ju-
risdictional amount. The land involved
is situated in this judicial district. No
showing of res adjudicata has been made
to the Court. Said renewed objections
to the jurisdiction of this Court are
overruled.

As to Paragraphs 1 through 4 of
said Motion, the record shows that on or
about November 15, 1973 and after the
case was at issue as to all parties, the
Court noticed the case for a Pretrial
Conference on December 6, 1973. De-
fendant Ellis was in attendance at said
conference by her attorney of record.
Attorneys were also present for Plain-
tiffs and Defendant Oklahoma Industri-

al Finance Authority (Oklahoma Industrial). At such Conference it was announced by counsel for the Plaintiffs that the Defendant The Federal Land Bank of Wichita (Land Bank) did not desire to attend the Conference as its mortgage was current and it did not desire to foreclose same. All parties present then stipulated that Land Bank and Oklahoma Industrial would not have to participate in the trial. At the Pretrial Conference all present agreed that the mortgage or security agreement of the Land Bank was entitled to first priority among the mortgage holders and was not in any way involved in any of the controversial issues present in the case between the Plaintiffs and the Defendant Ellis, the land owner. The Court excused the Land Bank from being present at the Pretrial Conference and the trial on the basis of its request and the above stipulation reached at the Pretrial Conference. The Answer of the Land Bank to the Amended Complaint was filed herein on November 5, 1973. Apparently, it did not mail a copy of said Answer to its Codefendant Ellis. The Answer of Defendant Oklahoma Industrial to the Amended Complaint was filed on November 9, 1973. The Answer of Defendant Ellis to the Amended Complaint was filed on September 16, 1973 and an Amendment thereto on October 4, 1973. The attorney for Defendant Ellis made no inquiry at the Pretrial Conference about whether an Answer of the Defendant Land Bank had been filed and as aforesaid voiced no objections to its request not to attend the Pretrial Conference and the Trial, and its asserted primary position among the several mortgage holders. In these circumstances this Defendant's reliance on Rule 38, Federal Rules of Civil Procedure [1] is not deemed to be made in good faith but for the purpose of bringing about a further delay in the disposition of this case which has been pending in this Court since August 8, 1971. As agreed at the Pretrial Conference the only issues for the non-jury trial in the case (then set for January 10, 1974) were to be between Plaintiffs who seek judgment on a guaranty agreement signed by Defendant Ellis and the foreclosure of the real estate mortgate securing the same also signed by Defendant Ellis and said Defendant's defenses thereto in the nature of a (1) a denial that she executed the guaranty agreement and real estate mortgage securing the same, (2) the claim that there was no consideration for the guaranty agreement and real estate mortgage and (3) the claim that the guaranty agreement has been satisfied. It was agreed among all at the Pretrial Conference as shown by the Pretrial Conference Order filed herein that the Land Bank mortgage was first in priority, the Oklahoma Industrial mortgage was second in priority and Plaintiffs' mortgage, if valid, would be third in priority. The Defendant's Motion for Jury trial now under consideration is not timely as said Defendant did not endorse such a request upon her Answer, did not demand a jury trial within ten (10) days after all pleadings had been filed in the case making up the issues herein, did not demand a jury trial within ten (10) days after the issues were made up between Plaintiffs and Defendant Ellis and did not demand a jury trial at the Pretrial Conference. The issues triable in this case by a jury, if any, are solely between Defendant Ellis and the Plaintiffs and not between Defendant Ellis and the Land Bank or Oklahoma Industrial neither of which seek foreclosure of their mortgages on the real estate involved

---

1. Paragraph (b) of said Rule provides as follows:

"Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

and which mortgages said Defendant Ellis at the Pretrial Conference recognized as being valid mortgages and first and second in priority. The Answer of the Land Bank does not seek to foreclose its mortgage but merely asserts its first priority and is not directed in any way to the issues triable between Defendant Ellis and Plaintiffs. As Defendant Ellis acknowledges the debt and first priority of the Land Bank mortgage there are no issues for jury trial between them. See Luke v. Patterson, 192 Okl. 631, 139 P. 2d 175 (1943). Rule 38(b) provides as aforesaid that Defendant Ellis' demand for a jury trial should have been made in writing not later than ten (10) days after the service of the last pleading directed to such jury issue or issues, those issues triable before a jury. No such jury issues exist between Defendant Ellis and the Land Bank. Or Oklahoma Industrial. The only issues triable by a jury in this litigation are between Defendant Ellis and Plaintiffs and as to these jury issues Defendant Ellis did not demand a jury in her Answer, the last pleading directed to such issues, nor within ten (10) days thereafter nor even as late as the Pretrial Conference conducted herein. Her jury demand now is out of time.

As to Paragraph 5 the mentioned State Court case has been dismissed by the Plaintiffs therein without accomplishing an adjudication of anything between the parties thereto. A Cross Petition may pend in the case but has not been tried. The case as far as this case is concerned is not res judicata. This matter was thoroughly discussed at the Pretrial Conference, the Court ruled that such State Case was not res judicata to this case and said Defendant's reference to the same in the Motion under consideration is without merit.

As to Paragraph 6, in the circumstances of this litigation, the Court in its discretion will decline to grant the belated Motion of Defendant Ellis for a jury trial. Aside from Defendant Ellis' demand for a jury trial being out of time, the Court is convinced that this Motion is aimed to delay disposition of this old case. If the Court honestly thought otherwise it would exercise its discretion otherwise in the interest of giving everyone his right to a trial by jury. But the Court honestly believes and finds that this is a dilatory motion. Said Defendant's alleged belief that this Court lacks jurisdiction was no impediment to said Defendant asking for a jury trial in timely fashion as required by the Rules governing the procedures of this Court. The Court announced that it had jurisdiction herein at the Pretrial Conference on December 6, 1973 yet said Defendant then made no demand for a jury trial and waited a month until January 4, 1974, less than a week before trial, to make the Motion For Jury Trial now under consideration.

As to Paragraph 7, contrary to the assertions of Defendant Ellis, there will be a delay in the disposition of this case by now striking the same from its non-jury docket setting and granting a jury trial for later disposition. The case is now set for non-jury trial on January 10, 1974. No civil jury docket is now set in this Court. When one is set criminal cases from the January Grand Jury must be given priority. Plaintiffs' right to a prompt disposition of their case will be prejudiced by this delay and the orderly administration of this Court in the management of its trial dockets will likewise be prejudiced.

As to Paragraph 8, in which Defendant Ellis complains of not having had adequate time to get prepared to defend against Plaintiffs' case against her, the Court is not impressed with this belated plea. This case has been on file since August 9, 1971. The case was fully pretried over a month before the non-jury trial setting. Said Defendant was given notice on November 15, 1973 that the case would be the subject of a Pretrial Conference on December 6, 1973. At

the close of the Pretrial Conference on December 6, 1973, the Court set the case on the non-jury docket for January 10, 1974. Yet, it appears that said Defendant has done nothing during this period of time to either seek to obtain documents or take depositions and now but a few days before trial pleads guilty to a lack of diligence in preparation of her defenses to Plaintiffs' case. No problems in this area were raised at the Pretrial Conference. Again the Court is convinced that the Defendant Ellis is seeking by all means at hand to delay and avoid a final disposition of this old case.

Defendant Ellis' Motion for Jury Trial, her renewed objections to the jurisdiction of this Court and her request that this cause be stricken from its present non-jury setting on January 10, 1974 are overruled and denied.