LOCAL FEDERAL SAVINGS AND
LOAN ASSOCIATION, A
Corporation, Appellee,

v.

Houston D. BURKHALTER and
Vernajean Burkhalter, Husband
and Wife, Appellants.

No. 64558.

Court of Appeals of Oklahoma.

March 24, 1987.

Houston D. Burkhalter, pro se.

Vernajean Burkhalter, pro se.

Ted R. Elliott and Monica A. Amis, Oklahoma City, for appellee.

GARRETT, Judge:

This is an action for judgment on a promissory note and for the foreclosure of a real estate mortgage. Appellants were defendants in the trial court and Appellee was plaintiff.

On the 28th day of March, 1980 the Defendants executed a promissory note which was payable to Plaintiff in the amount of $48,900 with interest at 14 percent per annum. The note was payable in monthly installments of principal and interest and was secured by a real estate mortgage which was executed at the same time. The proceeds from the loan were disbursed in the form of cashier's checks which Defendants used to purchase a house and lot which they used as a home and which was the mortgaged property. On September 1, 1984 Defendants defaulted in the monthly payments. They were given notice but did not reinstate the loan.

This action was filed on February 6, 1985 for judgment on the note and for foreclosure of the mortgage. Defendants filed a document styled "cross-complaint petition" wherein they requested a jury trial and a determination by the court that "credit or checkbook money" does not constitute legal tender for the payment of debts and they asked the court to determine that the note and mortgage which they signed were null and void. Plaintiff filed a Motion to Strike the cross-complaint and for default judgment. The court sustained the Motion to Strike and ordered Defendants to file an answer to Plaintiff's petition.

Later, Defendants filed a document which they called "Answer to Summons" dated February 6, 1985. They alleged that Plaintiff represented that it would loan the Defendants the sum of $48,900 in lawful money of the United States; that the promissory note and mortgage instrument were executed based on that promise; that Defendants did not receive the sum of $48,900 in lawful money of the United States pursuant to 31 U.S.C.A. § 392; that Plaintiffs were not the lawful and legal owner of the real property and therefore no lawful consideration in lawful money or real property was given on their part; that Plaintiff has been unjustly enriched by the amount of $29,750; and, Defendants demanded their right to trial by jury as guaranteed by Amendment 7, United States Constitution and Article 2, § 19, Constitution of the State of Oklahoma. The Answer did not contain any denial of the allegations of Plaintiff's petition other than the affirmative allegations just summarized.

Plaintiffs filed a Motion for Summary Judgment pursuant to Rule 13 of the Rules for District Courts (12 O.S. 1981 Ch. 2, App.). Defendants did not file a response in accordance with Rule 13. They filed a Motion to Dismiss Motion for Summary Judgment wherein they alleged, in effect, that Plaintiff has failed to show that it did in fact advance lawful money to Defendants; that it was a fact that no lawful money was advanced to Defendants, and therefore Plaintiff is entitled only to "like kind" repayment of what in fact may have been advanced to Defendants; that the Defendants had a right to a jury trial of their peers which is the most sacred right a court of law is bound to protect. Said document stated there was a substantial controversy as to what in fact, if anything, was advanced to the Defendants and requested a jury trial. There was no concise written statement of the material facts as to which they contended a genuine issue existed, and there were no affidavits or other materials containing facts that would be admissible in evidence. Defendants, in effect, were relying on their pleading. Rule 13 is, in pertinent part, as follows:

b. If the adverse party or parties wish to oppose the granting of the motion, they shall serve on the moving party and file with the court clerk within fifteen days after service of the motion a concise written statement of the material facts as to which he or they contend a genuine issue exists and the reasons for denying the motion. The adverse party shall attach to the statement affidavits and other materials containing facts that would be admissible in evidence, but the adverse party cannot rely on the allegations or denials in his pleading. In the statement, the adverse party or parties shall set forth and number each specific material fact which is claimed to be in controversy and reference shall be made to the pages, paragraphs, and/or lines of the depositions, admissions, answers to interrogatories and to requests for ad-

missions, affidavits, exhibits and other materials whether filed by the moving party or by the adverse party, and he shall attach to the statement the portions relied upon. All material facts set forth in the statement of the movant which are supported by admissible evidence shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the adverse party which is supported by admissible evidence. If the motion for judgment is granted, the party or parties opposing the motion cannot on appeal rely on any fact or material that is not referred to or included in the statement in order to show that a substantial controversy exists.

The Motion for Summary Judgment came on for hearing on May 10, 1985. Plaintiff was present by its attorneys of record and both of the Defendants appeared in person and represented themselves. The trial court sustained Plaintiff's motion and granted summary judgment in favor of Plaintiff as prayed for in its petition and against the Defendants. This appeal followed.

■ In the Petition in Error, under the heading Issues and Errors Proposed to be Raised on Appeal, Defendants contend that they filed a Motion to Dismiss the Motion for Summary Judgment but the trial court never disposed of the same. This contention is without merit because Rule 13 does not provide for such a pleading, and for the further reason that the action of the trial court in sustaining Plaintiff's Motion for Summary Judgment was, in effect, a denial of the Motion to Dismiss.

Defendants next contend that their constitutional right to trial by jury was denied. They cite Article 1, Section 19 of the Oklahoma Constitution as authority for an absolute right to trial by jury where the controversy is in excess of $100 and they cite the Seventh Amendment to the United States Constitution as authority for an absolute right to trial by jury where the controversy is in excess of $20. The trial court correctly ruled that the Defendants had no right to trial by jury in this case.

■ An action to recover on a note and to foreclose the mortgage securing the note is not properly triable by jury, where there has been no proper contest as to the amount due under the note. *Sullins v. Domer,* 176 Okl. 45, 54 P.2d 391 (1936). It is only when a lawful challenge is made to the amount due under the note and mortgage that a jury trial will be allowed as a matter of right. *Luke v. Patterson,* 192 Okl. 631, 139 P.2d 175 (1943); *Gee v. Security Bank & Trust,* 186 Okl. 477, 98 P.2d 922 (1940). The trial court does its duty when Summary Judgment is granted and a needless jury trial is denied when the material facts have been admitted and the law justifies the action. *Will v. Jones,* 463 P.2d 702 (Okla.App.1969). In this case the material facts were undisputed. Unquestionably, Defendants executed the note and the mortgage as alleged and purchased a home with the proceeds. Defendants defaulted and the amount due is undisputed.

Once a party has introduced evidence showing no substantial controversy as to material facts, the other party has the burden of showing that there is evidence available which justifies the trial of the issue. *Weeks v. Wedgewood Village, Inc.,* 554 P.2d 780 (Okla.1976). A ruling on a motion for summary judgment must be made on the record which the parties have presented and not on a record which is potentially possible. *Culpepper v. Lloyd,* 583 P.2d 500 (Okla.1978). Where, as here, no substantial controversy exists as to any material fact, summary judgment is proper. *First National Bank and Trust Co. of Oklahoma City v. Nesbitt,* 598 P.2d 1197 (Okla.1979); *Heavner v. Farmers Insurance Co.,* 663 P.2d 730 (Okla.1983).

■ Defendants contend that there is a dispute as to the amount due. This is based upon the assertion that Plaintiff falsely represented to the Defendants that they would lend the Defendants the sum of $48,900 when in fact the checks they wrote were backed by only 5% lawful or legal tender money of the United States and that 95% of the loan consisted only of a transfer of bookkeeping entries from the bank upon which the check was drawn to the party to

whom it was issued. Defendants also contend that the bank upon which the check was drawn materially misrepresented facts when it stamped the check paid as it only transferred the "bookkeeping entries" from its account to the account of the party to whom the check was issued, and that this was a fraud because no "dollars" were actually paid out to anyone. Defendants define "dollars" as coins or currency issued by the United States Government and declared by Congress to be legal tender for the payment of debts, both public and private; and, currency which is legal tender is either Federal Reserve Notes or United States Notes. Defendant contends that one or more banks illegally created "credit or checkbook money" which was used as the consideration of this loan.

The argument made by the Defendants is much more detailed, but this is a sufficient recital to show that no material fact or issue was in dispute. For purposes of summary judgment, a material fact is one upon which the outcome of the litigation depends. *Geppert v. State*, 31 Wash.App. 33, 639 P.2d 791 (1982). We agree with Plaintiff that Defendants' arguments constitute an attack on the commercial banking system utilized by the financial institutions of this nation, by the United States Government itself, and by virtually every individual and business in this country. Defendants contend the system is unlawful and, for the most part, is unconstitutional. We hold such arguments to be without merit.

In the case of *U.S. v. Whitesel*, 543 F.2d 1176 (6th Cir.1976) the defendant contended that he did not have to pay income tax because he never received "legal dollars" as income. In that case the defendant argued that only money that is coined from either gold or silver or immediately backed by gold or silver constitutes legal dollars and as a consequence, since he was not paid any legal dollars during 1972 and 1973 he was exempt from taxation under the federal income tax laws. The Court held the defendant's defense was without merit and cited *U.S. v. Daly*, 481 F.2d 28 (8th Cir.1973), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973). In fact the Court stated "this contention is clearly frivolous".

■ Defendants contend that the trial judge showed prejudice against them in his remarks during the hearing on the Motion for Summary Judgment. In the first place, we do not agree that the trial judge displayed prejudice against the Defendants. The judge exhibited a certain amount of frustration because of the contentions being made by Defendants and the lack of merit in such contentions. However, even assuming that our assessment of the record is incorrect, Defendants would still have the burden to affirmatively show that the trial court's statements were prejudicial to them and that the trial court's decision would have been different if the prejudice had not existed. In this case, there was only one possible judgment under Oklahoma law and the trial court entered that judgment.

■ We are constrained to point out that it is fundamental that one who accepts the benefits of a contract must assume the detriments. *Dangott v. ASG Industries, Inc.*, 558 P.2d 379 (Okla.1976). 15 O.S. 1981 § 75 is as follows:

A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting.

The Oklahoma Supreme Court, in the case of *Massachusetts Bonding & Ins. Co. v. Vance*, 74 Okl. 261, 180 P. 693, 15 A.L.R. 981 (1918), in the 4th paragraph of the syllabus, said:

For the purpose of defeating liability, a party will not be heard to say he never made a contract, and, inconsistent with such assertion, retain the benefits flowing from the alleged transaction.

The parties have filed various motions, including but not limited to Motions to Dismiss. The decision and disposition of all motions is mergered into this opinion. It is not necessary to treat them further because of the conclusions reached here.

Plaintiff has asked the Court to assess attorney fees for the appeal against the Defendants pursuant to 20 O.S. 1986 Supp. § 15.1. Since we find the appeal to be without merit, attorney fees for Plaintiff's attorney for the appeal are granted. The trial court is affirmed in all respects and the case is remanded to the trial court only for the purpose of conducting a hearing on the question of appellate attorney fees and awarding the same. *See Oliver's Sports Center, Inc. v. Nat'l. Standard Insurance Co.,* 615 P.2d 291 (Okla.1980); *Dowdell v. Dowdell,* 463 P.2d 948 (Okla. 1969); and *Carlton v. Carlton,* 648 P.2d 1280 (Okla.App.1982).

AFFIRMED. REMANDED AS TO APPELLATE ATTORNEY FEES.

ROBINSON, P.J., and REYNOLDS, J. concur.